**ROCKWELL INTERNATIONAL,
Petitioner,**

v.

**WORKERS' COMPENSATION
APPEAL BOARD (MEYER),
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 5, 1999.

Decided Nov. 30, 1999.

Albert S. Lee, Pittsburgh, for petitioner.

John W. Zatkos, Pittsburgh, for respondent.

Before PELLEGRINI, J.,
FRIEDMAN, J., and RODGERS, Senior Judge.

PELLEGRINI, Judge.

Rockwell International petitions for review of an order of the Workers' Compensation Appeal Board (Board) reversing an order of the Workers' Compensation

Judge (WCJ) denying Harvey Meyer (Claimant) hearing loss benefits because he did not meet the 10% threshold due to the WCJ making an age-related deduction.

Claimant worked for Employer for twenty-four and a half years and filed a claim petition alleging that he sustained binaural hearing loss as a result of long and continuous exposure to hazardous occupational noise while in the course and scope of his employment. Employer filed an answer denying all of the material allegations contained in the claim petition.

At a hearing before the WCJ, Claimant testified that he began working for Employer in 1968 and spent most of his time in the forge shop running the electric hammer and furnace. He stated that there was constant noise coming from the hammer and the air-operated equipment. He also testified that he always wore hearing protection in the forge shop because of the noise levels.

In support of his claim, Claimant introduced the report of Michael Bell, M.D. (Dr. Bell), a board-certified otolaryngologist. Dr. Bell obtained a general history as well as a history of Claimant's occupational noise exposure. Dr. Bell administered an audiogram to Claimant and concluded that Claimant suffered binaural hearing loss of 20.6% according to the American Medical Association's Guide to the Evaluation of Permanent Impairment (AMA Guides), the standard required by Act 1 of 1995, Act of February 22, 1995, P.L. 1, the hearing loss amendments to Section 306(c)(8)(i) of the Workers' Compensation Act (Act),[1] when measuring the percentage of a claimant's hearing loss. Dr. Bell also opined that the above amount of hearing loss was caused by his cumulative exposure to loud noises during the time he worked for Employer.

In opposition, Employer introduced reports from and offered the testimony of Sidney Busis, M.D. (Dr. Busis), also a board-certified otolaryngologist. He, too, administered an audiogram to Claimant and from the results of that test concluded that Claimant suffered binaural hearing impairment of 14.7% according to the AMA Guides. Dr. Busis stated, however, that of Claimant's 14.7% total bilateral hearing loss, 4.9% was caused by aging and 9.8 % was due to other causes, including work-related loss during the early years of working for Employer. Dr. Busis explained that because the AMA Guides did not take into account the effects of aging, he consulted the International Standard for 1999 of the International Organization for Standardization (ISO 1999), which had been adopted by the American National Standards Institute (ANSI),[2] to arrive at the percentage of Claimant's hearing loss attributable to aging. Dr. Busis admitted, however, that Claimant's audiometric curve was consistent with noise induced hearing loss.

The WCJ found Dr. Busis more credible than Dr. Bell and concluded that of Claimant's 14.7 % total binaural hearing loss, 4.9% was due to aging. The WCJ, however, credited Claimant's testimony that he experienced hearing loss during the course of his employment with a greater amount of loss during the earlier years of his employment and found that Dr Busis' opinion supported Claimant's testimony in this regard. Nevertheless, the WCJ denied Claimant's claim petition because Claimant's percentage of work-related hearing loss was below the 10% threshold required by Section 306(c)(8)(iii) of the Act[3] before hearing loss was compensable because of the 4.9% deduction for aging.

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(8)(i).

2. *See* ANSI standard S 3.44 1996.

3. Section 306(c)(8)(iii) of the Act provides in pertinent part:

[I]f there is a level of binaural hearing impairment as calculated under the Impairment Guides which is equal to or less than ten per centum, no benefits shall be payable.

77 P.S. § 513(8)(iii).

Claimant appealed to the Board which reversed, holding that the WCJ erred as a matter of law in allowing an age-related deduction based on ISO 1999 under our decision in *USX Corporation v. Workers' Compensation Appeal Board (Rich)*, 727 A.2d 165 (Pa.Cmwlth.1999) *petition for allowance of appeal granted*, —— Pa. ——, 743 A.2d 925 (No. 83 W.D.App. Dkt., September 28, 1999). It then awarded benefits to Claimant based on the 14.7% level of binaural hearing impairment testified to by Dr. Busis before he took the age-related deduction. This appeal by Employer followed.

Because the WCJ accepted his medical expert's testimony that Claimant's hearing loss of 4.9% was caused by aging and 9.8 % was due *to other causes,* Employer contends that the Board erred in reversing the WCJ because Claimant failed to establish that he suffered a work-related hearing loss, making it indistinguishable from this Court's recent decision in *Washington Steel Corporation v. Workers' Compensation Appeal Board (Waugh)*, 734 A.2d 81 (Pa.Cmwlth.1999). However, the facts in this case are much different than in *Waugh* because in *Waugh* the WCJ not only discredited the testimony of claimant's expert, but also the testimony of claimant himself who testified that his hearing loss was work-related. The WCJ instead credited the employer's doctor who testified that *none* of claimant's hearing loss was work-related but was due to claimant's hunting activities for over 40 years and the aging process. Because the Board assumed that just because an age-related deduction was made the hearing loss was work-related, and notwithstanding that the employer's doctor stated that none of the claimant's hearing loss was attributable to noise exposure, the Board reversed and awarded the claimant the percentage of hearing loss testified to by the employer's doctor because the employer's doctor took a deduction for aging. We reversed the Board because there was no finding of any work related hearing loss

from which an impermissible age-related deduction could be made, stating:

> Although Claimant contends that it was erroneous for the WCJ to rely on the ANSI standard to reduce a portion of his hearing loss award based on the effects of aging, that argument is irrelevant for purposes of this case because Claimant did not prove *any* work related hearing loss. *Had he done so, we would agree that such an award based on the aging process would have been improper.*

734 A.2d at 84 n. 4. (emphasis added).

Here, unlike in *Waugh,* the WCJ credited Claimant's testimony that he suffered hearing loss during the course of his employment which he found was supported by Dr. Busis' testimony that Claimant suffered hearing loss in the early years of his employment and that his type of hearing loss was consistent with noise induced hearing loss. Except for the portion the WCJ attributed to aging, the WCJ, unlike the WCJ in *Waugh,* found that Claimant suffered work-related hearing loss, just not enough to put Claimant over the 10% threshold once the age-related deduction was made. Because the only other cause of hearing loss found by the WCJ was work-related noise induced hearing loss, the Board did not err in awarding Claimant benefits based on a 14.7% level of binaural impairment as testified to by Dr. Busis before he took the age-related deduction.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 30th day of November, 1999, the order of the Workers' Compensation Appeal Board at A97–3021, dated June 18, 1999, is affirmed.