**BETHLEHEM STEEL CORPORATION,**
**Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (KAVE),**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 1, 2000.

Decided Jan. 11, 2001.

---

5.  45 U.S.C.A. §§ 1–46 (West 1986).

Beverly J. Doneker, Allentown, for petitioner.

I. Michael Luber, Philadelphia, for respondent.

Before COLINS, Judge PELLEGRINI, Judge, and McCLOSKEY, Senior Judge.

## OPINION BY JUDGE PELLEGRINI

Bethlehem Steel Corporation (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) granting Raymond Kave (Claimant) workers' compensation benefits for binaural hearing loss.

On November 21, 1995, Claimant filed a claim petition for workers' compensation benefits alleging that he suffered a compensable work-related hearing loss caused by his continuous exposure to excessive noise during the course of his employment with Employer where he had been employed from June 17, 1955, until his retirement on November 30, 1992.[1] Employer filed an answer denying the claim.

At the hearing before the WCJ, Claimant testified that he began working for Employer in June 1955 and primarily worked as a millwright in the power house and later in the blast furnace.[2] He stated that during his employment, he had been exposed on a daily basis to loud noise from gas engines, impact wrenches and blast furnaces which required him to scream to fellow employees in order to be heard on a daily basis. Claimant also testified that he wore ear protection occasionally; however, he could not wear it when he needed to communicate with other employees. Claimant admitted that prior to his employment with Employer, he served in the Navy for approximately 3½ years as an aircraft mechanic and was exposed to a high level of noise. He also stated that he had an ear infection in 1995 which was diagnosed as blocked tubes; however, Claimant testified that he did not notice any difficulty in hearing until after he began working for Employer and was not aware of any compensable hearing loss until November 1995.

Also in support of his claim petition, Claimant presented the deposition testimony of Bruce M. Greenspan, M.D. (Dr. Greenspan), board-certified in otolaryngology. Dr. Greenspan testified that he examined Claimant on April 4, 1997, and performed an audiogram in order to test Claimant's hearing. Based on his examination of Claimant, Claimant's medical history, results of previous audiograms performed by Employer,[3] and the audiogram he performed, Dr. Greenspan opined that

---

1. Although Claimant failed to allege any date of injury on his claim petition, Employer has not raised that issue.

2. Claimant began as a truck helper in the truck department and was then moved to the power house as a laborer, assistant engineer and then as a millwright.

3. Dr. Greenspan reviewed audiograms performed by Employer in 1961, 1968, 1971, 1976, 1979, 1982, 1983 and 1990.

Claimant suffered a 24.7% binaural hearing loss and that the loss was caused by long-term noise exposure during his employment with Employer.[4]

In opposition, Employer presented the deposition testimony of Craig T. Haytmanek, M.D. (Dr. Haytmanek), also qualified in the field of otolaryngology. Dr. Haytmanek examined Claimant on June 19, 1997, and ordered an audiogram. After reviewing the results of the audiogram, Claimant's medical history and results of the previous audiograms performed by Employer, Dr. Haytmanek opined that the audiogram taken in October 1991 by Employer which showed a binaural hearing impairment of 15.3% best reflected Claimant's hearing loss at the time of his retirement. However, Dr. Haytmanek opined that most of the hearing loss indicated by that audiogram was due to presbycusis, and that only 4.1% of Claimant's binaural hearing impairment was caused by occupational noise exposure.[5]

■ Finding Dr. Greenspan's testimony credible and persuasive except with regard to Claimant's hearing loss subsequent to his retirement on November 30, 1992, and finding Dr. Haytmanek's testimony credible except with regard to Claimant's binaural impairment indicated in the 1991 audiogram dropping to 4.1% after factoring out a consideration for presbycusis, the WCJ found that Claimant suffered a 15.3% binaural hearing loss attributable to Claimant's work with Employer. Contending that the WCJ's finding was not supported by substantial evidence, Employer appealed to the Board. The Board affirmed the decision of the WCJ and this appeal followed.[6]

As before the Board, Employer contends that the WCJ erred in awarding Claimant compensation benefits for a 15.3% binaural hearing impairment because Claimant failed to establish through medical testimony that he suffered a 15.3% binaural hearing impairment which was causally related to his work for Employer. To establish a right to compensation, a claimant has the burden of proving that he has sustained a permanent loss of hearing that is medically established as an occupational hearing loss caused by long-term exposure to hazardous occupational noise. Section 306(c)(8)(i) of the Workers' Compensation Act[7]; *Bucci v. Workers' Compensation Appeal Board (Rockwell International)*, 758 A.2d 279 (Pa.Cmwlth.2000).

■ In this case, the WCJ found credible Dr. Haytmanek's testimony that the October 1991 audiogram performed by Employer best reflected Claimant's ability to hear at the time of his retirement. Additionally, both Dr. Haytmanek and Dr. Greenspan testified that the October 1991 audiogram demonstrated that Claimant suffered a 15.3% binaural hearing impairment as of that date. However, the WCJ did not consider Dr. Haytmanek's testimony asserting that Claimant's work-related binaural hearing impairment dropped to 4.1% due to presbycusis because the Act does not permit a deduction from a claim-

4. During his deposition, Dr. Greenspan also reviewed an audiogram performed by Employer in October 1991 and opined that it showed a 15 .3% binaural hearing loss.

5. Employer also presented the deposition testimony of Edwin Toothman (Toothman), a noise control engineer and ultimately Employer's Director of Occupational Health from 1962 until 1993. He stated that he was actively involved in Employer's noise control and hearing testing program, and although he did not specifically testify with regard to the testing of Claimant, Employer complied with the various standards governing the mainte-

nance and use of audiometers and sound booths.

6. Our scope of review of a Workers' Compensation Appeal Board decision is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact were supported by substantial evidence. *Sheridan v. Workmen's Compensation Appeal Board (Anzon)*, 713 A.2d 182 (Pa.Cmwlth. 1998).

7. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513(8).

ant's total binaural hearing impairment for that reason. Accordingly, the WCJ did not err in awarding Claimant benefits based on a 15.3% level of binaural hearing impairment as testified to by Dr. Haytmanek before he took the age-related deduction. *See LTV Steel Co., Inc. v. Workers' Compensation Appeal Board (Mozena)*, 562 Pa. 205, 754 A.2d 666 (2000); *Rockwell International v. Workers' Compensation Appeal Board (Meyer)*, 741 A.2d 835 (Pa. Cmwlth.1999).

Employer also contends that the WCJ erred in awarding interest from November 30, 1995, rather than from the date of his decision and order. Interest payable under the Act is provided for in Section 406.1 of the Act,[8] which states:

The first installment of compensation shall be paid not later than the *twenty-first day after the employer has notice or knowledge of the employe's disability.* Interest shall accrue on all due and unpaid compensation at the rate of ten per centum per annum.

77 P.S. § 717.1 (emphasis added). Specifically, Employer contends that because the WCJ failed to make any finding as to the date Employer had notice of a compensable injury, he erred in awarding interest from November 30, 1995, rather than from 21 days after the date of his decision.

We recently addressed the issue of when interest becomes due and payable on unpaid compensation in *USX Corporation v. Workers' Compensation Appeal Board (Way)*, 754 A.2d 64 (Pa.Cmwlth.2000). In that case, the claimant filed a claim petition on August 4, 1995, alleging that he suffered a compensable hearing loss as result of long-term exposure to hazardous noise during his employment. Before the WCJ, the claimant submitted the opinion of a medical witness who stated that as of the date of the claimant's examination on October 28, 1997, he had sustained a 22.8% hearing impairment caused by long-term exposure to hazardous occupational noise.

Finding the medical witness's testimony credible, the WCJ granted the claimant compensation benefits but failed to specifically provide a date on which interest should begin to accrue. On appeal to this Court, we held that although the filing of a claim petition constituted notice to the employer that the claimant was seeking compensation benefits, it did not establish a right to compensation, and, therefore, only when the claimant had evidence that he had a permanent, work-related loss of hearing was compensation due and only from that point forward would any interest on unpaid compensation accrue. Because we determined that the claimant had established a compensable injury as of October 28, 1997, the date of the medical witness's examination, we held that interest on unpaid compensation began to accrue as of that date.

■ In this case, Claimant filed his claim petition on November 21, 1995, but was not examined by Dr. Greenspan until April 4, 1997. Applying our decision in *Way*, Claimant did not medically establish a compensable injury until April 4, 1997, the date of Dr. Greenspan's examination, and was not entitled to compensation until that date. Because Claimant was not entitled to compensation benefits until April 4, 1997, interest did not begin to accrue on any unpaid compensation until that date.

Accordingly, the decision of the Board is affirmed as to the WCJ's finding that Claimant suffered a 15.3% work-related binaural hearing impairment and reversed as to its determination that interest began to accrue on November 30, 1995, and the matter is remanded for a recalculation of the accrued interest to which Claimant is entitled.

### ORDER

AND NOW, this 11th day of January, 2001, the order of the Workers' Compensation Appeal Board, No. A98–3250, dated

---

8. Section 406.1 was added by the act of February 8, 1972, P.L. 25, and was amended by the act of July 2, 1993, P.L. 190, 77 P.S. § 717.1.

May 3, 2000, is affirmed in part and reversed in part and remanded to the Workers' Compensation Appeal Board to remand to the Workers' Compensation Judge for a determination consistent with this decision.

Jurisdiction relinquished.