**Leroy WERNER, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BROTHER'S TRUCKING), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 7, 1995.

Decided Aug. 23, 1995.

Jason M. Weinstock, for petitioner.

John C. Devine, for respondent.

---

Before DOYLE and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Leroy F. Werner (Claimant) petitions for review of an opinion and order of the Workmen's Compensation Appeal Board (Board) which reversed the determination of the referee and denied workers' compensation benefits to Claimant.

The factual and procedural history of this case is as follows. Claimant was employed as a long distance truck driver by Brother's Trucking (Employer). Claimant alleged he suffered an injured spine in an accident occurring on October 7, 1991 while delivering a load in California. After Claimant filed a claim petition, several hearings were held before a referee. The first hearing was held July 13, 1992, a subsequent hearing was conducted on September 25, 1992, and a final hearing, before a different referee, was held on April 26, 1993.

Claimant presented the medical deposition testimony of his treating physician, Dr. Joseph Danyo. Employer presented the medical deposition of Dr. Richard J. Boal. Claimant testified on his own behalf, and Employer presented the lay testimony of Alfred James, an employee, and Jerry Crain, a mechanic. On the basis of the evidence presented, the referee specifically found:

23. The testimony of claimant is accepted as credible because it was consistent with what he told his treating physician and because it is substantiated by his physician's statements.

24. The testimony of Dr. Danyo is more persuasive than that of Dr. Boal because Dr. Danyo, as the treating physician, had the opportunity to observing, examining, and interacting [sic] with claimant more often.

25. Claimant sustained a work related injury on October 7, 1991 from which he was disabled.

R.R. 241a.

On the basis of these findings, the referee concluded that Claimant "has sustained his burden of proof regarding the claim petition by showing by substantial, competent, credible evidence that he sustained a disabling work injury and gave timely notice thereof." The referee then ordered that the claim petition be granted and that Employer pay compensation to Claimant. R.R. 242a.

Upon Employer's appeal to the Board, the Board reversed the referee's decision granting benefits, determining, upon review of Claimant's testimony, that such:

testimony cannot be believed. It is contradicting, farfetched and absurd ... This is a case where Claimant's evidence does not amount to any evidence at all. The accident could not possibly have occurred as Claimant testified.

R.R. 250a.

Now before this court for consideration [1], Claimant argues that the Board exceeded its scope of appellate review when it reversed the referee on the basis of a credibility determination. Claimant contends the Board based its decision on a credibility determination when the Board is not to review the credibility of witnesses.

Claimant cites a recent opinion of this court in which we re-articulated the scope of review of referee determinations. In *Crenshaw v. Workmen's Compensation Appeal Board (Hussey Copper)*, 165 Pa.Commonwealth Ct. 696, 645 A.2d 957 (1994), we stated:

Although this court can and should consider the competency and sufficiency of evidence presented before a referee, the referee's assessment of witness credibility is not subject to review on appeal. Even where we may have found otherwise, we are precluded, in our appellate role, from reweighing evidence or substituting our credibility determinations for those of the referee.

■ Claimant asserts the Board usurped the prerogative of the referee by making a

1. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed and whether all necessary findings are supported by

substantial evidence. *Bugay v. Workmen's Compensation Appeal Board (Mellon Bank, N.A.)*, 156 Pa.Commonwealth Ct. 565, 628 A.2d 519 (1993).

credibility determination which it is precluded from doing. *See Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990), *aff'd*, 531 Pa. 287, 612 A.2d 434 (1992). However, Claimant fails to consider the applicable standard of substantial evidence.

■ It is a well-established principle that when evidence is presented by both parties, the proper standard of review to be applied to the Board is the substantial evidence standard. *Czap v. Workmen's Compensation Appeal Board (Gunton Corp.)*, 137 Pa.Commonwealth Ct. 612, 587 A.2d 49 (1991), *petition for allowance of appeal denied*, 527 Pa. 654, 593 A.2d 425 (1991). This standard requires the Board to review the decision of the referee to ascertain whether legal error was committed and whether the necessary findings of the referee are supported by substantial evidence. *Id.*

■ While witness credibility is not subject to review on appeal, this court and the Board can and should consider the competency and sufficiency of the evidence presented before the referee to determine whether the evidence believed by the referee is sufficient to support the referee's findings. *Hills Department Store No. 59 v. Workmen's Compensation Appeal Board (McMullen)*, 166 Pa.Commonwealth Ct. 354, 646 A.2d 1272 (1994), *petition for allowance of appeal denied*, 540 Pa. 553, 655 A.2d 518 (1995).

■ Substantial evidence is defined as such relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Gamble v. Workmen's Compensation Appeal Board (Burrell Construction and Supply Co.)*, 143 Pa.Commonwealth Ct. 277, 598 A.2d 1071 (1991); *Wittco Fashions v. Workmen's Compensation Appeal Board (O'Neil)*, 118 Pa.Commonwealth Ct. 126, 544 A.2d 559 (1988); *Gallo v. Workmen's Compensation Appeal Board (United Parcel Service)*, 95 Pa.Commonwealth Ct. 158, 504 A.2d 985 (1986). Evidence is relevant if it tends to make the fact at issue more or less probable and in some degree is probative and advances the inquiry. *Commonwealth v. Gonzalez*, 519 Pa. 116, 546 A.2d 26 (1988).

From our review, it is apparent that the Board properly applied this standard and did not make credibility determinations solely within the province of the referee.[2] Herein, the Board concluded the evidence presented did not substantially support the necessary findings of the referee. The record reveals Claimant's testimony is riddled with inconsistencies. Specifically, Claimant testified inconsistently with regard to the date of the alleged accident in California; where it occurred; who was at the accident scene; the nature of the damage to the truck; repairs performed on the truck, etc.

Regarding the alleged accident, Claimant testified that he spoke with a police officer named Officer David Jackson, at the accident scene. R.R. 8a. At a subsequent hearing, Claimant testified that the Officer never appeared at the scene. R.R. 110a. As to the date of his alleged injury, Claimant's testimony indicates the injury occurred on August 7, 1991. Subsequent testimony indicates the accident occurred on either October 7, 1991, October 10, 1991, or October 11, 1991.

Concerning location, Claimant testified the accident occurred between Santa Fe and Fullerton, California. Upon further questioning, Claimant indicated he had the truck repaired in Napa Valley. R.R. 77a–78a. Additionally, Claimant admitted that no report was filed with the state police because there was no damage to the truck and no injury. R.R. 106a. This testimony conflicts with Claimant's assertion that he was injured on October 7, 1991. Such inconsistencies and contradictions do not meet the requisite substantial evidence standard necessary to support the findings of the referee.[3]

**2.** We are cognizant that the Board determined that the "testimony cannot be believed". However, the Board also properly concluded no evidence existed to support the determination of the referee.

**3.** Additionally, no reasonable mind could accept Claimant's testimony as adequate to support referee's conclusion.

Accordingly, on the basis of the foregoing, the order of the Board is affirmed.

the order of the Workmen's Compensation Appeal Board is affirmed.

## ORDER