**BETHLEHEM STEEL CORPORATION,**
Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (GRAAF),**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 19, 2001.

Decided March 14, 2001.

Beverly J. Doneker, Allentown, for petitioner.

Fred M. Feder, Philadelphia, for respondent.

Before COLINS, Judge, KELLEY, Judge and LEDERER, Senior Judge.

COLINS, Judge.

Bethlehem Steel Corporation (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) granting Raymond Graaf (Claimant) workers' compensation benefits for binaural hearing loss.

The facts establish that Claimant was employed by Employer from March 19, 1973 until September 9, 1993. From 1973 to 1974, Claimant worked as a laborer in the ingot mold department. After 1974, Claimant worked as a chipper about six and a half hours during every work day. On September 12, 1996, Claimant filed a claim petition alleging that he suffered an occupational hearing loss as a result of long-term exposure to hazardous occupational noise.[1] Employer denied the allegations, and the case was assigned to a WCJ.

Claimant presented his own deposition testimony stating that he had previously worked as a laborer in a mine for a brief period and subsequently held employment as a maintenance man for approximately twenty years for Jersey Central Railroad. Claimant stated that his hearing was fine when he first began working for Employer. Claimant testified that during the twenty years he worked for Employer he was exposed to loud noise caused by the chipping gun he utilized and by molders, knock outs, sand slingers, and planers. The WCJ found Claimant's testimony credible.

Also in support of his claim petition, Claimant presented the deposition testimony of Dr. Matthew J. Nagorsky, a board-certified otolaryngologist. Dr. Nagorsky examined Claimant on March 10, 1998. Dr. Nagorsky opined that Claimant's hearing loss was the result of long-term exposure to noise during the course and scope of his employment with Employer and that Claimant's binaural hearing loss was 28.1%. The WCJ found Dr. Nagorsky's testimony credible. However, the WCJ concluded that Dr. Nagorsky's audiogram could not be the basis for an award due to his failure to test Claimant at 3000 hertz in accordance with OSHA's specifications and AMA Guidelines. Although, the WCJ did not rely on Dr. Nagorsky's audiogram, he found Dr. Nagorsky's testimony regarding the issue of causation credible.

In opposition, Employer presented the testimony of Dr. Arthur King Brenman, a board-certified otolaryngologist. Dr. Brenman performed audiometric testing of

1. Claimant's claim petition was filed pursuant to Section 410 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 735 *as amended*, 77 P.S. § 751.

Claimant and found Claimant's binaural impairment calculation based on air conduction equals 17.2% and on bone conduction equals 13.4%. The WCJ found that the audiogram conducted by Dr. Brenman was a more accurate measure of Claimant's hearing loss than Dr. Nagorsky's audiogram. As a result, the WCJ found that based upon the credible and persuasive testimony of Dr. Brenman concerning the audiometric testing and lack of reliability of Dr. Nagorsky's testing, Claimant's binaural hearing loss is 17.1%.[2]

Dr. Brenman further testified that Claimant commenced his employment at Bethlehem Steel with established deficiency in hearing in the high frequencies. The WCJ found that Dr. Brenman did not credibly opine that the hearing deficiency, which he believed Claimant experienced in 1973, was a result of non-occupational causes. The WCJ specifically noted that Dr. Brenman's testimony with respect to the cause of Claimant's hearing loss was evasive and less credible than the testimony of Dr. Nagorsky.

In addition, Employer presented the deposition testimony of Edwin Toothman, a consultant and former director of occupational health at Bethlehem Steel. Mr. Toothman has had extensive experience in maintaining and calibrating audiometers and sound booths and is familiar with the various standards governing the maintenance and use of this equipment. Mr. Toothman stated that the Claimant's serial audiograms from 1973 to 1990 complied with OSHA standards. The WCJ stated that to the extent Mr. Toothman testified that the audiograms generally conformed to the required standards, that testimony

was found credible. Therefore, Claimant's audiograms show an increase in Claimant's hearing loss from the time of the first audiogram in 1973 until Claimant retired. The WCJ found that this general pattern persuasive and indicative of a gradual deterioration in Claimant's hearing. The WCJ was not persuaded with respect to the precise accuracy of Claimant's hearing on any specific date that an audiogram was performed.

Based upon the testimony, the WCJ concluded that Claimant suffered a binaural loss of hearing of 17.1% caused by long-term exposure to hazardous occupational noise while employed by Employer and Claimant's claim petition was granted. Employer appealed to the Board. The Board affirmed the WCJ concluding that the WCJ's finding and conclusions were based upon substantial evidence. Employer's petition for review to this Court followed.

 Employer raises several issues for our review.[3] Employer first argues that the Board erred in awarding compensation based on Dr. Brenman's audiogram because there was no testimony regarding the audiogram's conformity with OSHA standards. Employer's argument is without merit. The WCJ found that Dr. Brenman's audiogram credibly established that the Claimant had a 17.1% hearing loss. The WCJ stated that based upon the credible and persuasive testimony of Dr. Brenman concerning the audiometric testing and lack of reliability of Dr. Nagorsky's testimony, Claimant's impairment for purposes of compensation is 17.1%. After a review of the record, we find no evidence that the audiogram performed by Dr.

---

**2.** Dr. Brenman testified that Claimant's binaural hearing loss was 17.2%; however, the WCJ awarded 17.1% binaural impairment based upon Dr. Brenman's audiogram.

**3.** Our appellate review in workers' compensation cases is limited to determining whether findings of fact are supported by substantial evidence, whether constitutional rights were violated and whether errors of law were committed. *NGK Metals Corporation v. Work-*

*men's Compensation Appeal Board (Bochis),* 713 A.2d 127 (Pa.Cmwlth.), *petition for appeal denied,* 557 Pa. 634, 732 A.2d 618 (1998). Substantial competent evidence is such evidence that a reasonable mind would accept as adequate to support a finding of fact. *York Terrace/Beverly Enterprises v. Workmen's Compensation Appeal Board (Lucas),* 140 Pa. Cmwlth. 75, 591 A.2d 762 (1991).

Brenman was not in accordance with OSHA standards. Therefore, the WCJ was at liberty to rely on the Dr. Brenman's audiogram.

■ Employer next argues that the WCJ erred because the employer can not be held liable for the portion of Claimant's hearing loss that is not work related, i.e., Claimant's hearing loss as measured by a bone conduction. Employer urges this Court to consider the testimony of Dr. Brenman concerning this non-occupational hearing loss. Employer's argument centers on the difference between a sensorineural hearing loss as measured by a pure tone air conduction audiogram and a conductive hearing loss as measured by a bone conduction audiogram. Dr. Brenman performed an audiogram by testing both air conduction and bone conduction. Dr. Brenman testified that the air conduction binaural impairment amounted to 17.2%. The bone conduction binaural impairment amounted to 13.4%. Dr. Brenman stated that he used the Claimant's bone conduction scores rather than his overall air conduction scores in order to subtract out the conductive loss. Employer argues that to measure sensorineural loss alone, the bone conduction score should be used, resulting in a maximum award of 13.4%.

■ Addressing this argument we must keep in mind that the WCJ must base his or her decision on substantial evidence. *Bethenergy Mines v. Workmen's Compensation Appeal Board (Skirpan)*, 132 Pa.Cmwlth. 277, 572 A.2d 838 (1990), *affirmed,* 531 Pa. 287, 612 A.2d 434 (1992). The WCJ is the ultimate finder of fact and the exclusive arbiter of credibility and evidentiary weight. *Id.* Accordingly, the WCJ is free to accept or reject, in whole or in part, the testimony of any witness. *Jordan v. Workmen's Compensation Appeal Board (Consolidated Electrical Distributors)*, 550 Pa. 232, 704 A.2d 1063 (1997). Dr. Brenman opined that the audiometric testing he performed revealed that the Claimant had a 17.2% hearing impairment as calculated under the AMA

Guidelines. Moreover, the Employer failed to prove that a non-occupational cause impaired Claimant's hearing to an extent that required a deduction. Therefore, the WCJ is free to accept the portion of Dr. Brenman's testimony, which calculated Claimant's binaural hearing loss of 17.2%.

■ Next, Employer asserts that the Board erred because Claimant failed to establish Claimant's hearing impairment was causally related to his employment at Bethlehem Steel. Employer asserts that some portion of the 17.1% loss awarded to Claimant is conductive and therefore, not work-related. As stated above, if the employer can show a nonwork-related injury or disease caused hearing loss, it is not liable for that portion of the hearing loss. *USX. Corp. v. Workers' Compensation Appeal Board (Rich)*, 727 A.2d 165 (Pa. Cmwlth.1999) *affirmed sub nom., LTV Steel Co. v. Workers' Compensation Appeal Board (Mozena)*, 562 Pa. 205, 754 A.2d 666 (2000).

In this case the WCJ found, based upon the competent, credible testimony of Dr. Nagorsky that Claimant's binaural hearing loss was due to employment noise while employed at Bethlehem Steel. According to *Skirpan*, we cannot disturb the WCJ's credibility determination. Clearly the WCJ found Dr. Nagorsky's testimony to be credible and a review of the record indicates that the finding that Claimant's hearing loss was due to occupational noise while employed at Bethlehem Steel is supported by substantial evidence in the record. Therefore, Employer's attack on the WCJ's credibility determination must fail.

Next, Employer asserts there is evidence that audiograms performed by Bethlehem Steel after 1983 did comply with ANSI and OSHA requirements. Specifically, Employer argues that the WCJ's decision contains factual errors in Finding of Fact No. 83 that impact upon the reliability of Employer's October 17, 1990 audiogram. As this Court has stated previous-

ly, the WCJ is the sole arbiter of questions of credibility and may accept or reject the testimony of any witness in while or in part. *General Electric Co. v. Workers' Compensation Appeal Board (Rizzo)*, 737 A.2d 852 (Pa.Cmwlth.1999).

Here, the WCJ was not persuaded by Mr. Toothman's testimony as to the precise accuracy of Claimant's hearing on any specific date that audiogram was performed. The WCJ, as the ultimate finder of fact in compensation cases, has exclusive province over questions of credibility and evidentiary weight, and is free to accept or reject the testimony of any witness in whole or in part. *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki)*, 140 Pa.Cmwlth. 461, 593 A.2d 921, *petition for allowance of appeal denied*, 529 Pa. 626, 600 A.2d 541 (1991). Thus, the Board correctly affirmed the WCJ's determination to reject portions of Mr. Toothman's testimony as not credible.

■■■■■ Lastly, Employer asserts that the Board erred in awarding interest as of the date of the claim petition, September 12, 1996, and further asserts that Claimant inexcusably delayed the prosecution of his case in not obtaining an expert report until March 31, 1998. Employer argues that Claimant failed to establish the percentage of impairment that was permanent and caused by his employment until the date of the actual award by the WCJ. This issue was addressed in *USX Corporation v. Workers' Compensation Appeal Board (Way)*, 754 A.2d 64 (Pa.Cmwlth.2000). In that decision we held,

> although the filing of a claim petition constituted notice to the employer that the claimant was seeking compensation benefits, it did not establish a right to compensation, and, therefore, only when the claimant had evidence that he had a permanent, work-related loss of hearing was compensation due and only from that point forward would any interest on unpaid compensation accrue.

*Bethlehem Steel Corporation v. Workers' Compensation Appeal Board (Kave)*, 767 A.2d 6, 9 (Pa.Cmwlth.2001) (citing *USX Corporation v. Workers' Compensation Appeal Board (Way)*, 754 A.2d 64 (Pa. Cmwlth.2000)).

In the present case, Claimant filed his claim petition on September 12, 1996, but was not examined by Dr. Nagorsky until March 10, 1998. Since compensation is due only when Claimant has evidence that he had a permanent, work-related loss of hearing, Claimant did not medically establish a compensable injury until March 10, 1998, the date of Dr. Nagorsky's examination, and was not entitled to compensation until that date. Because Claimant was not entitled to compensation until March 10, 1998, interest did not accrue on any unpaid compensation until that date. Moreover, we do find an inexcusable delay as Claimant was awaiting the outcome of the decision by the Supreme Court in *Bible v. Department of Labor and Industry*, 548 Pa. 247, 696 A.2d 1149 (1997).

Accordingly, the decision of the Board is affirmed as to the WCJ's findings that the Claimant suffered a 17.1% work-related binaural hearing impairment and reversed as to its determination that interest began to accrue on September 12, 1996, and the matter is remanded for a recalculation of the accrued interest to which Claimant is entitled.

### ORDER

AND NOW, this 14th day of March 2001, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed in part and reversed in part and remanded to the Workers' Compensation Appeal Board to remand to the Workers' Compensation Judge for a determination consistent with this decision.

Jurisdiction is relinquished.