REFLEX SYSTEMS, INC. and
AIG Claim Services, Inc.,
Petitioners

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (FERRUCCI),
Respondent.

LTV Steel Company, Petitioner

v.

Workers' Compensation Appeal Board
(Ferrucci), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 20, 2001.
Decided Sept. 11, 2001.

Harry J. Klucher, Pittsburgh, for petitioners.

No appearance entered for respondent.

Before COLINS, Judge, McGINLEY, Judge, and RODGERS, Senior Judge.

Opinion by Senior Judge RODGERS.

In these consolidated appeals, Reflex Services, Inc., (Reflex) and LTV Steel Company (Employer) petition for review of an order of the Workers' Compensation Appeal Board (Board) that modified and affirmed a decision of a workers' compensation judge (WCJ) granting the claim petition filed by William Ferrucci (Claimant).[1] We affirm.

On December 14, 1995, Claimant filed a claim petition alleging that he suffered bilateral hearing loss caused by exposure to noise during the course of his thirty-five years of employment with Employer. The petition identified Claimant's last date of employment/exposure as January 15, 1993. Employer filed an answer denying these allegations and subsequently filed a joinder petition alleging Reflex was a liable employer.

Before the WCJ, Claimant testified that he began working with Employer in 1958 and he retired on January 15, 1993. Claimant testified that he performed various jobs during his employment and was exposed to a variety of loud noises while working at Employer's plant. On cross-examination, Claimant acknowledged that he spent some time working in an office as a supervisor. Claimant stated that, from 1989 or 1990 through 1992, he spent approximately two hours per day in the mill and six hours per day in an office.

---

1. Reflex has not submitted a brief on appeal, and Claimant was precluded from filing a brief by this Court's order dated July 10, 2001.

Claimant testified that, after he retired in 1993, he again worked in Employer's plant during 1994, 1995 and 1996, on the payroll of Reflex, which provides employees for temporary assignments. Claimant stated that he spent approximately three hours per day in the plant during those later years.

Employer presented the testimony of James B. Lawrence, Employer's manager of industrial relations services. Mr. Lawrence stated that Claimant was promoted to a maintenance planning position in 1989. Mr. Lawrence agreed that, after the promotion, Claimant spent about two hours per day in the mill and six hours per day in an office, which he described as having normal office noise. Mr. Lawrence testified that Claimant returned to work at Employer's plant following his retirement as an employee of Reflex.

Employer also presented the testimony of Barry J. Momyer, a certified industrial hygienist, who performed tests of noise levels at Employer's plant. Mr. Momyer stated that, as a result of his tests, he believed that the position of maintenance planner did not involve exposure to long term hazardous occupational noise. On cross-examination, Mr. Momyer acknowledged that the noise level study he described was performed about four years after Claimant's retirement. He also acknowledged that there were one-minute decibel readings that showed decibel levels ranging from 92 to 102 and, for a six-day period, readings showed 130 decibels.

Both Claimant and Employer presented expert medical testimony. The witnesses disagreed as to the extent of Claimant's hearing loss and the extent to which Claimant's hearing impairment was caused by aging.

Thomas Kohn, president of Reflex, testified that his business provides employees for temporary assignments. He stated that Employer had specifically identified Claimant and asked that he be placed with Employer on Reflex's payroll. Mr. Kohn said that he did not set Claimant's schedule, and his testimony indicates that he was not involved with directing or controlling Claimant's work.

Based upon Claimant's testimony, the WCJ found as fact that Claimant had been exposed to long-term hazardous occupational noise and that he continued to have exposure to loud noise until the end of his employment. The WCJ stated that Claimant was not required to show that his ongoing exposure to hazardous occupational noise continued to meet the definition of long-term hazardous exposure; instead, having met his threshold burden, Claimant only needed to show continued exposure to hazardous noise to be eligible for compensation.

The WCJ found that Claimant sustained a 32.5% binaural hearing impairment, of which 11.58% was attributable to presbycusis (aging). The WCJ granted Claimant's benefits for the 20.91% hearing loss caused by his occupational exposure. Finding that Employer was the responsible employer for workers' compensation purposes, the WCJ dismissed Employer's joinder petition.

Claimant, Employer and Reflex appealed to the Board. Relying on *USX Corporation v. Workers' Compensation Appeal Board (Rich)*, 727 A.2d 165 (Pa.Cmwlth. 1999), *aff'd*, 562 Pa. 205, 754 A.2d 666 (2000), and *LTV Steel Company v. Workers' Compensation Appeal Board (Mozena)*, 727 A.2d 160 (Pa.Cmwlth.1999), *aff'd*, 562 Pa. 205, 754 A.2d 666 (2000), the Board concluded that the WCJ erred in reducing benefits for loss attributable to aging. As to the remaining issues, the Board determined that the WCJ's findings were supported by substantial evidence. Accord-

ingly, the Board modified and affirmed the WCJ's order.

■ Employer raises three issues on appeal to this Court:[2] 1) whether the claim was time barred; 2) whether Reflex was a liable employer; and 3) whether the WCJ correctly reduced benefits based on aging.

■ Employer first argues that Claimant's claim is time barred by Section 306(c)(8)(viii) of the Workers' Compensation Act (Act),[3] which provides that

> [w]henever an occupational hearing loss *caused by long-term exposure to hazardous occupational noise* is the basis for compensation or additional compensation, the claim shall be barred unless a petition is filed within three years after the date of *last exposure to hazardous occupational noise* in the employ of the employer against whom benefits are sought.

77 P.S. § 513(8)(viii) (emphasis added).

The term "hazardous occupational noise" is defined by Section 105.4 of the Act[4] as noise levels exceeding permissible noise exposures as defined in Table G–16 of OSHA Occupational Noise Exposure Standards, 29 C.F.R. 1910.5 (Table G–16).[5] Section 105.6 of the Act[6] defines "long-

term exposure" as "exposure to noise exceeding the permissible daily exposure for at least three days each week for forty weeks of one year." 77 P.S. § 25.6.

Employer points out that the WCJ specifically referenced Claimant's testimony that, beginning in 1989 or 1990, he worked only two to three hours per day in the mill. Employer argues that the claim is time-barred because Claimant failed to prove exposure to noise levels of 90 decibels and above, time weighted over eight hours per day, three days per week, forty weeks per year, within three years of filing his claim petition.

In making this argument, Employer is combining the definitions of "long-term exposure" and "hazardous occupational noise." However, each term is separately defined and differently used in the Act. Contrary to Employer's assertion, our review requires two distinct inquiries: whether Claimant suffered long-term exposure (exposure for at least three days a week for forty weeks of one year) to hazardous occupational noise (noise level in excess of the permissible daily limit), and whether Claimant's petition was filed within three years after the date of Claimant's last exposure to hazardous occupational noise.

2. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Cmwlth.436, 550 A.2d 1364 (1988).

3. Act of June 2, 1915, P.L. 736, *as amended*, added by Section 2 of the Act of February 23, 1995 (Act 1 of 1995), P.L. 1, 77 P.S. § 513(8)(viii).

4. Added by Section 1 of Act 1 of 1995, 77 P.S. § 25.4.

5. Table G–16 provides:

Permissible Noise Exposure

| Duration per day, hours | Sound Level dBA slow response |
|---|---|
| 8 | 90 |
| 6 | 92 |
| 4 | 95 |
| 3 | 97 |
| 2 | 100 |
| 1½ | 102 |
| 1 | 105 |
| ½ | 110 |
| ¼ or less | 115 |

6. Added by Section 1 of Act 1 of 1995, 77 P.S. § 25.6.

■ Moreover, Employer's argument depends on its interpretation of the word "days," as used in Section 105.6 of the Act ("at least three days each week"), to mean a period of at least eight hours. It is well-settled that the Act must be liberally construed in favor of the claimant in order to effectuate its humanitarian objectives. *United Cerebral Palsy v. Workmen's Compensation Appeal Board (Emph)*, 543 Pa. 544, 673 A.2d 882 (1996); *Bethlehem Steel Corp. v. Workers' Compensation Appeal Board (Zima)*, 777 A.2d 1245, (Pa.Cmwlth. No. 2892 C.D. 2000, 2001). Therefore, we reject Employer's assumption that "days" in Section 105.6 must refer to eight-hour periods. There is no dispute that Claimant was exposed to occupational noise in the mill on a daily basis for the three years prior to filing his claim and, without arbitrarily adding a definition to the Act, we have no basis to conclude that Claimant was not exposed to such noise for at least three days each week.

Employer's argument also rests on an inaccurate statement of Claimant's burden of proof. Section 306(c)(8)(x) of the Act provides that "[w]hether the employe has been exposed to hazardous occupational noise or has long-term exposure to such noise shall be affirmative defenses to a claim for occupational hearing loss and *not part of the claimant's burden of proof* in a claim." 77 P.S. § 513(8)(x) (emphasis added).

Employer does not dispute that Claimant's hearing loss was the result of long-term exposure to hazardous occupational noise. Accordingly, the issue is not one of causation, but only of timeliness. Having reviewed the record, we conclude that Claimant's testimony is sufficient to *prima facie* establish that, during the last three years of his employment, he continued to have daily exposure to hazardous occupational noise.

Employer could have rebutted Claimant's evidence of exposure to hazardous occupational noise by establishing a sound level in the mill at or below the permissible levels in Table G–16 that correspond to Claimant's duration of exposure during the three-year period prior to the filing of the claim petition. See *Keystone Coal Mining Corp. v. Workers' Compensation Appeal Board (Wasnak)*, 756 A.2d 1200 (Pa. Cmwlth.2000).

In *Wasnak*, this Court affirmed a WCJ's dismissal of a claim petition as untimely under Section 306(c)(8)(viii) of the Act. In *Wasnak*, the claimant was exposed to hazardous occupational noise during the years he worked underground as a coal miner. Thereafter, approximately nine years before he filed his claim petition, the claimant began working as a lamp man. The WCJ found that the claimant was not exposed to hazardous occupational noise during his work as a lamp man; the WCJ specifically noted noise level studies to which the employer's witness testified and concluded that the studies showed within a reasonable degree of statistical certainty the noise levels to which a lamp man is exposed.

■ Here, however, the WCJ found the report and testimony of Mr. Momyer concerning a noise level study insufficient to rebut the presumption afforded Claimant by his credible testimony. Determinations of credibility and weight to be accorded evidence are within the sole prerogative of the WCJ and cannot be disturbed on appeal. *Bethlehem Steel Corp. v. Workers' Compensation Appeal Board (Graaf)*, 768 A.2d 1237 (Pa.Cmwlth.2001).

■ Employer next argues that the WCJ erred in determining that Claimant was an employee of LTV, rather than Reflex, from 1994 through 1996. Whether an employer/employee relationship exists,

for workers' compensation purposes, is a conclusion of law to be based upon findings of fact. *Williams v. Workmen's Compensation Appeal Board (Global Van Lines)*, 682 A.2d 23 (Pa.Cmwlth.1996). When an employee is furnished by one entity to another, the "borrowed servant" rules apply. *Id.* There is no set formula for determining the existence of an employer/employee relationship, but the most important factor is evidence of actual control or the right to control the work to be done and the manner of its performance. *Id.*

Employer notes that Claimant's paychecks were issued by Reflex and that Reflex covered Claimant under its workers' compensation policy; Employer asserts that these facts are sufficient to establish an employer/employee relationship. We disagree, and we observe that Employer presented no other evidence in support of its joinder petition reflecting that Reflex had any control or right to control Claimant's work at Employer's plant during this period.

Employer's final argument is that the WCJ properly reduced the percentage of Claimant's hearing loss by the percentage attributed by Employer's medical witness to aging. Employer contends that the facts of this case are distinguishable from those in *Rich* and *Mozena;* Employer asserts that those decisions were based on determinations of credibility in favor of the claimants, whereas here the WCJ accepted the testimony and opinion of Employer's medical witness.

In *LTV Steel Company, Inc. v. Workers' Compensation Appeal Board (Mozena)*, 562 Pa. 205, 754 A.2d 666 (2000), the Supreme Court affirmed our decisions in *Rich* and *Mozena,* providing both scientific and legal grounds for its determination. The *Mozena* court reviewed the legislative history of Act 1 of 1995 and considered the

fact that the legislature knew how to provide for a deduction for normal aging but provided no method for assessing its effect. Observing that there is "no reliable scientific (controlled) means of quantifying how aging impairs the hearing of a given individual," *id.* at 223, 754 A.2d at 675, the *Mozena* court held that the Act does not allow a deduction for a portion of hearing impairment caused by presbycusis from a claimant's total binaural hearing impairment.

Accordingly, we affirm.

### ORDER

AND NOW, September 11, 2001, the order of the Workers' Compensation Appeal Board in the above-captioned case is affirmed.