JOHN T. GALLAHER TIMBER TRANSFER, Appellee

v.

Robert HAMILTON, t/a Hamilton Enterprises, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 30, 2006.

Filed Aug. 29, 2007.

F. Cortez Bell, III, Clearfield, for appellant.

Matthew D. Gailey, Pittsburgh, for appellee.

BEFORE: ORIE MELVIN, McCAFFERY, and JOHNSON, JJ.

OPINION BY McCAFFERY, J.:

¶1 Appellant, Robert Hamilton, t/a Hamilton Enterprises (hereinafter "Hamilton"), appeals from the judgment entered in the Clearfield County Court of Common Pleas following the trial court's granting of the motion for judgment on the pleadings of Appellee, John T. Gallaher Timber Transfer (hereinafter "Gallaher"). After careful review, we affirm.

¶2 The undisputed relevant facts and procedural history underlying this matter

are as follows. Robert D. Cummings suffered an injury on August 13, 1999, while operating a log skidder owned by Hamilton. Mr. Cummings filed a claim petition against Hamilton pursuant to the Workers' Compensation Act.[1] Hamilton filed petitions for joinder of additional defendants, including Gallaher. Workers' Compensation Judge ("WCJ") Michael E. Koll presided over hearings on November 14, 2000, and March 22, 2001. On January 31, 2002, WCJ Koll entered an order which held that Mr. Cummings was entitled to receive workers' compensation benefits for the injuries he had sustained.[2] WCJ Koll also concluded that Hamilton was Mr. Cumming's primary employer and, accordingly, was responsible for payment of benefits to Mr. Cummings. WCJ Koll determined that Gallaher was a statutory employer of Mr. Cummings, and thus was responsible for payment of the compensation if Hamilton failed to make payment as ordered. Based upon the evidence presented by all of the parties, the WCJ specifically set forth the following findings and conclusions pertinent to the issues raised here:

> On August 13, 1999, the Claimant, Robert Cummings, suffered a work injury during the course and scope of his employment with Defendant/Employer, [Hamilton]....
>
> * * *
>
> It is found that, at the time of his work injury, the Claimant was not an employee of ... [Gallaher].
>
> * * *
>
> It is found that, at the time of his work injury, the Claimant's Employer, [Hamilton], was serving in the capacity of a sub-contractor for [Gallaher].
>
> * * *
>
> It is further found that [Gallaher] is ... a statutory employer under Section 302(d) of the Pennsylvania Workers' Compensation Act.
>
> * * *
>
> [I]n finding the Claimant was an employee of [Hamilton], ... it is noted that 'in determining whether a claimant is an independent contractor or employee, the Pennsylvania Supreme Court has set forth the following factors to consider in determining the type of relationship which exists: control of the manner in which work is to be done; responsibility for result only; terms of agreement between the parties; nature of the work or occupation; skill required for performance; whether one employee is engaged in a distinct occupation or business; which party supplied the tools; whether payment is by time or by the job; whether work is part of the regular business of the alleged employer, and whether the alleged employer has the right to terminate employment at any time.... [T]he key element is whether the alleged employer has the right to control the work to be done, and the manner in which it is performed.'
>
> * * *
>
> Upon review of the consistent aspects of each of their testimonies, it is found that the relationship is overwhelmingly that of an employee.... [I]n most all aspects of the relationship[,] [the Claimant] was treated as an employee, being paid on an

---

1. 77 P.S. §§ 1–1041.4; 2501–2626.

2. WCJ Koll amended his order February 19, 2002, and again February 26, 2002, to allow for deduction of attorney's fees. The relevant findings and legal conclusions remained the same.

hourly basis, or at the discretion of [Hamilton] as to any bonuses; [the Claimant] only performed work for [Hamilton]; the work which he performed was part of the regular business of [Hamilton]; and [Hamilton] provided all of the tools and equipment.

* * *

The Claimant has sustained his burden of proof, that he suffered a work injury on August 13, 1999, ... entitling him to Workers' Compensation benefits ... together with the payment of medical costs and expenses causally related to same.

[Hamilton] shall be responsible for the payment of such Workers' Compensation benefits, together with the reimbursement of any Public Welfare Lien reimbursement for the payment of any such medical expenses.

* * *

[Hamilton] has failed to sustain its burden of proof, that [Gallaher was an employer] of the Claimant at the time of his August 13, 1999 work injury.

* * *

[I]n the absence of payment of the foregoing by [Hamilton], [Gallaher], as the statutory employer, and/or its Workers' Compensation Insurer, shall be responsible for payment of compensation payable hereunder.

(WCJ's Findings of Fact, Conclusions of Law and Order, dated January 31, 2002, at 8–11).

¶ 3 Hamilton did not take an appeal from WCJ Koll's decision to the Workers' Compensation Appeal Board. Hamilton also did not pay the benefits due to Mr. Cummings. Because of WCJ Koll's ruling

and Hamilton's failure to pay, on or about March 22, 2003, Gallaher made payments totaling $14,181.34 to Mr. Cummings and to settle the public welfare lien.[3]

¶ 4 On February 17, 2004, Gallaher filed a complaint in the court of common pleas seeking reimbursement from Hamilton for the funds paid pursuant to 77 P.S. § 462. Hamilton filed an answer, new matter and counterclaim denying that (1) Mr. Cummings was an employee of Hamilton on August 13, 1999; (2) the injury was work related; and (3) the WCJ found Hamilton liable to pay benefits; instead, Hamilton asserted that Gallaher was Mr. Cummings's employer. (Answer, New Matter and Counterclaim to Plaintiff's Complaint, filed April 1, 2004). On January 23, 2006, Gallaher filed a motion for judgment on the pleadings, which the trial court granted on March 28, 2006, following argument and briefing by the parties. The trial court determined that Gallaher was entitled to recover from Hamilton based upon the WCJ's decision, and moreover, that the doctrine of collateral estoppel barred litigation of the issues Hamilton raised regarding the debt owed. Upon praecipe, the prothonotary entered judgment on April 6, 2006. On April 25, 2006, Hamilton filed a timely notice of appeal and now raises the following question for our review:

Whether the [trial] court erred in granting [Gallaher's] motion for judgment on the pleadings and dismissing [Hamilton's] answer and counterclaim in that although originally arising as a result of a workers' compensation matter, the claim of [Gallaher] as statutory employer, versus [Hamilton], as employer, in a court of common pleas civil proceeding must still proceed in accord with the rules of civil procedure which allow the

**3.** Gallaher paid Mr. Cummings $7,824.28 and settled the public welfare lien for $6,327.06.

filing of a counterclaim and the raising of defenses of liability and negligence on the part of others for the injury which occurred.

(Hamilton's Brief at v).

¶ 5 Preliminarily, we note that our scope and standard of review are well-settled:

As our Supreme Court has explained, appellate review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial. In conducting this review, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.

In passing on a challenge to the sustaining of a motion for judgment on the pleadings, our standard of review is limited. We must accept as true all well pleaded statements of fact of the party against whom the motion is granted and consider against him only those facts that he specifically admits. We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Maryland Casualty Co. v. Odyssey Contracting Corp.,* 894 A.2d 750, 753–54 (Pa.Super.2006), *appeal denied,* 589 Pa. 739, 909 A.2d 1290 (2006), *cert. denied,* —— U.S. ——, 127 S.Ct. 1887, 167 L.Ed.2d 365 (2007) (citations and quotation marks omitted).

¶ 6 Instantly, Hamilton asserts that the Workers' Compensation Act may provide Gallaher with the right to recover from Hamilton the money it paid; however, Gallaher "must still establish liability and damages as one would in any other civil case." (Hamilton's Brief at 2). Claiming to be a case of first impression, presumably as the reason for its failure to cite any supporting law, Hamilton argues that it did not have the opportunity to assert certain defenses against Gallaher at the workers' compensation hearing and, thus, collateral estoppel should not be applicable to this matter. As a specific example, Hamilton proclaims it is entitled to litigate the issue of negligent supervision or control on the part of Gallaher over the job site and over Mr. Cummings. Whereas Gallaher seeks to enforce a judgment, Hamilton seeks to relitigate the case.

¶ 7 In support of its decision to grant Gallaher's motion, the trial court relied upon the doctrine of collateral estoppel, also known as issue preclusion. (Trial Court Opinion, dated May 15, 2006, at 2).

Collateral estoppel is applicable when the issue decided in a prior adjudication is identical to that presented in the later action; there was a final judgment on the merits; the party against whom the doctrine is asserted was a party to the prior adjudication or was in privity with such a party; and the party against whom it is asserted had a full and fair opportunity to litigate the issue in the prior adjudication.

*Krosnowski v. Ward,* 836 A.2d 143, 148 (Pa.Super.2003) (*en banc*) (citing *Murphy v. Duquesne University,* 565 Pa. 571, 599, 777 A.2d 418, 435 (2001)). Hence, collateral estoppel prevents "a question of law or an issue of fact which has once been litigated and adjudicated finally in a court of competent jurisdiction from being relitigated in a subsequent suit." *Capobianchi v. BIC Corporation,* 446 Pa.Super. 130, 666 A.2d 344, 348 (1995) (quoting *Day v. Volks-*

*wagenwerk Aktiengesellschaft,* 318 Pa.Super. 225, 464 A.2d 1313, 1318 (1983)).

¶ 8 In *Capobianchi, supra,* this Court determined that the doctrine of collateral estoppel precluded relitigation of an issue because it had been previously litigated in the workers' compensation court. There, our Court stated:

> The doctrine of collateral estoppel is not unavailable simply because administrative procedures are involved; where the agency is acting in a judicial capacity and resolves disputed issues of fact which the parties had an opportunity to litigate, the [courts] will not hesitate to apply preclusion principles.

*Id.* at 349 (citation omitted). The appellant in *Capobianchi* sought to litigate the issue of causation in a subsequent products liability case when the issue had already been litigated as one of the central questions in a previous workers' compensation claim involving the same parties. The Court concluded that the appellant was estopped from pursuing the identical issue in a common law tort action. *Id.; see also Rue v. K–Mart Corp.,* 552 Pa. 13, 21 n. 4, 713 A.2d 82, 87 n. 4 (1998) (recognizing "the body of caselaw concerning the preclusive effect of workers' compensation proceedings" and citing *Capobianchi* with approval).

██ ¶ 9 Similarly, in the case *sub judice,* the WCJ was competent to hear Mr. Cummings's initial claim against Hamilton. *See Capobianchi, supra.* The questions of control over the work and the work site as well as liability were the central issues of Mr. Cummings's claim against Hamilton.[4]

Both parties to the instant case were parties to the workers' compensation claim, and Hamilton was afforded a full and fair opportunity to litigate the issues before WCJ Koll. Following the presentation of evidence by all parties, the WCJ determined that Hamilton, not Gallaher, was Mr. Cummings's employer and that Hamilton bore primary responsibility and liability for payment. The WCJ held that Gallaher was secondarily responsible should Hamilton default on its obligation. Hamilton did not appeal from WCJ Koll's order. Because the workers' compensation judgment is final, Hamilton is estopped from pursuing these identical issues in a common law tort action. *See Capobianchi, supra.*

¶ 10 Based upon the foregoing analysis, we conclude that the trial court correctly applied the doctrine of collateral estoppel to Hamilton's claims and properly granted Gallaher's motion for judgment on the pleadings. Accordingly, we affirm the judgment.

¶ 11 Judgment affirmed.

---

4. As our sister court has previously explained:
   Whether an employer/employee relationship exists, for workers' compensation purposes, is a conclusion of law to be based upon findings of fact.... There is no set formula for determining the existence of an employer/employee relationship, but the most important factor is evidence of actual control or the right to control the work to be done and the manner of its performance. *Reflex Systems, Inc. v. W.C.A.B. (Ferrucci),* 784 A.2d 217, 221–22 (Pa.Cmwlth.2001) (quoting *Williams v. W.C.A.B. (Global Van Lines),* 682 A.2d 23 (Pa.Cmwlth.1996)).