J-A02027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TERRENCE JOHNSON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ANTHONY A. AUSTIN | |
| | No. 1122 EDA 2016 |

Appeal from the Order March 30, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 1506-01582

BEFORE: OTT, J., SOLANO, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                         **FILED APRIL 19, 2017**

Terrence Johnson appeals from the order of March 30, 2016, granting Anthony A. Austin's motion for judgment on the pleadings and dismissing the complaint. We affirm.

We adopt the following statement of facts from the trial court's opinion, which in turn is supported by the record. *See* Trial Court Opinion (TCO), 6/27/16, at 1-2. Appellant instituted this action on June 11, 2015, averring that Appellee was negligent in causing a motor vehicle accident on July 17, 2013. Accordingly, the statute of limitations ran on July 17, 2015.

Appellant made his first attempt at service on June 13, 2015. Per the affidavit, service was attempted at Appellee's last known address, 237 W. Zeralda Street, Philadelphia, Pennsylvania, 19144. Appellee's father answered the door and stated that Appellee no longer lived at that address,

and he had no information about Appellee's current address. On July 9, 2015, Appellant hired an investigator, Confidential Investigative Services, Inc. ("CIS"), to locate Appellee. The record is unclear as to the date CIS began its work. The engagement letter did not indicate that the statute of limitations was a concern or that the investigator needed to begin work immediately as a result. The next contact between Appellant and the investigator was three months later.

On October 29, 2015, CIS responded to Appellant's inquiry with an investigative report suggesting that in August, it had made a request to the United States Postal Service regarding Appellee's forwarding address. However, the Postal Service had not responded. CIS had also performed database searches in an attempt to locate Appellee.

On November 2, 2015, Appellant's counsel requested Appellee's address from the Pennsylvania Department of Transportation. On November 5, 2015, CIS produced a supplemental report indicating that the Postal Service still listed Appellee's address at 237 W. Zeralda Street. Appellant filed a motion for alternative service pursuant to Pa.R.C.P. 430, which the trial court granted.

On December 16, 2015, Appellant filed an affidavit of service averring that Appellee had been served by posting the premises and first class regular mail on December 9, 2015.

Appellee filed an answer and new matter to the complaint, and Appellant filed a reply. Appellee then filed a motion for judgment on the

pleadings, arguing that he was not timely served with the complaint per *Lamp v. Heyman*, 366 A.2d 882 (1976), and that Appellant had not made a good faith effort at service. Appellant filed an answer in opposition. The trial court granted the motion and entered judgment in favor of Appellee.

Appellant timely appealed and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive opinion.

On appeal, Appellant presents the following questions for our review:

1. Whether the lower court committed error of law when it granted Appellee's motion for judgment on the pleadings, thereby depriving Appellant of his day in court, where Appellant and his counsel acted reasonably at all times based upon information available and in a good faith effort to locate Appellee, and at no time acted to stall the judicial process?

2. Whether the lower court committed error of law when it granted Appellee's motion for judgment on the pleadings where no prejudice resulted to Appellee by the delay in making service that occurred through no fault of Appellant and despite counsel's diligent effort?

Appellant's Brief at 4.

In reviewing a motion for judgment on the pleadings, we apply the following standard and scope of review:

As our Supreme Court has explained, appellate review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial. In conducting this review, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.

> In passing on a challenge to the sustaining of a motion for judgment on the pleadings, our standard of review is limited. We must accept as true all well pleaded statements of fact of the party against whom the motion is granted and consider against him only those facts that he specifically admits.

***John T. Gallaher Timber Transfer v. Hamilton***, 932 A.2d 963, 967 (Pa. Super. 2007) (quotation and citation omitted).

We note, at the outset, that Appellant's brief does not comply with the Pennsylvania Rules of Appellate Procedure. ***See*** Pa.R.A.P. 2119(a)-(c). His argument section is not divided into parts for each question presented, nor does it have at the head of each part the particular point treated therein. ***Id.*** Further, Appellant's argument section does not reference the record when discussing the pleadings or evidence. ***Id.*** However, as we may discern Appellant's argument nevertheless, we decline to find waiver.

First, Appellant argues that the trial court erred in granting Appellee's motion for judgment on the pleadings because he timely filed his complaint within the applicable statute of limitations and "continuously" attempted to locate Appellee to effectuate service. ***See*** Appellant's Brief at 8. Appellant avers that his search was fruitless because of false and misleading information provided by Appellee's father. ***Id.*** Appellant contends that he did not attempt to "stall the judicial machinery" and that, therefore, his complaint should not be dismissed. ***Id.*** at 10-12 (citing in support ***McCreesh v. City of Philadelphia***, 888 A.2d 664 (Pa. 2005)).

The Rules of Civil Procedure provide that original process shall be served within the Commonwealth within thirty days after the issuance of the

- 4 -

writ or the filing of the complaint. *See* Pa.R.C.P. 401(a). Further, the rule provides procedures to extend that period of time if service may not be made. *Id.* at (b)(1)-(5). When considering a case where service is delayed beyond the statute of limitations, our courts have read a "good faith" requirement in Pa.R.C.P. 401, which governs the service of original process. *See Lamp v. Heyman*, 366 A.2d 882, 889 (Pa. 1976) (holding that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion.") Our Supreme Court has further held that

> *Lamp* requires of a plaintiff a good-faith effort to effectuate notice of commencement of the action. Although this good-faith requirement is not apparent from a reading of the rule itself, we interpret the rule mindful of the context in which it was announced. The purpose for the rule, as stated in *Lamp*, is to avoid the situation in which a plaintiff can bring an action, but by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations.

*Farinacci v. Beaver County Industrial Development Authority*, 511 A.2d 757, 759 (Pa. 1986) (internal quotations omitted).

What constitutes a "good faith" effort to serve legal process is a matter to be assessed on a case by case basis. *Moses v. T.N.T. Red Star Exp.*, 725 A.2d 792, 796 (Pa. Super. 1999). The determination of a good faith effort lies within the discretion of the trial court. *See McCreesh*, 888 A.2d at 672. Simple neglect and mistake, or conduct that is unintentional that

- 5 -

works to delay the defendant's notice of the action, may constitute a lack of good faith on the part of the plaintiff. *See **Englert v. Fazio Mechanical Services***, 932 A.2d 122, 124-125 (Pa. Super. 2007). It is unnecessary for the plaintiff's conduct to constitute bad faith or an overt attempt to delay before *Lamp* will apply. *Id.* "Lack of knowledge, mistake or misunderstanding does not toll the running of the statute of limitations." ***Booher v. Olczak***, 797 A.2d 342, 345 (Pa. Super. 2002). Further, it is the plaintiff's burden to demonstrate that his efforts at service were reasonable. *See **Bigansky v. Thomas Jefferson Univ. Hosp.***, 658 A.2d 423, 433 (Pa. Super. 1995).

Moreover, our Supreme Court has embraced a "flexible" approach to the good faith determination, "excusing plaintiffs' initial procedurally defective service where the defendant has *actual notice* of the commencement of litigation and is not otherwise prejudiced." *McCreesh*, 888 A.2d at 666 (citing favorably ***Leidich v. Franklin***, 575 A.2d 914 (Pa. Super. 1990)) (emphasis added). Thus, where a defendant has actual notice of an action, dismissal for lack of service will be appropriate "where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." *See **McCreesh***, 888 A.2d at 674.

As a first note, Appellant's reliance on *McCreesh* is misplaced. Here, there is no evidence in the record or any suggestion in the pleadings that Appellee had actual notice of the commencement of the proceedings prior to

the December 15, 2016 service of the complaint. Accordingly, we focus our analysis on whether Appellant conducted a good-faith effort to serve Appellee within the appropriate time period. *See Farinacci*, 511 A.2d at 759.

Here, Appellant instituted the action approximately one month prior to the date the statute of limitations ran. Although he attempted to make service two days after the filing of the complaint, he was unsuccessful. Further, while Appellant engaged an investigator, CIS, to locate Appellee approximately a week prior to the statute of limitations' run date, he failed to inform the investigator of the run date, nor did he even contact CIS again until three months later, well after the statute had run. Several days after that, Appellant made a request for information with the Pennsylvania of Department of Transportation.

On November 5, 2015, CIS forwarded to Appellant a report that 237 W. Zeralda Street remained a good address for Appellee. Still, Appellant did not immediately file a motion for alternative service, but instead waited several weeks before filing his motion. Thus, service was not effectuated until December 16, 2015, nearly five months after the statute had run.

Based on these facts, Appellant did not pursue service upon Appellee in good faith. *See Farinacci*, 511 A.2d at 759. Accordingly, we discern no abuse of the trial court's discretion, which properly granted Appellee's motion for judgment on the pleadings. *See McCreesh*, 888 A.2d at 672; *John T. Gallaher Timber Transfer*, 932 A.2d at 967.

Next, Appellant argues that the lower court erred in granting Appellee's motion for judgment on the pleadings because Appellee did not suffer prejudice as a result of the untimely notice. **See** Appellant's Brief at 13. Appellant relies upon **McCreesh** to support this statement. However, **McCreesh** is inapposite, as actual notice did not occur. Accordingly, we need not examine the prejudice prong of the analysis. **See McCreesh**, 888 A.2d at 671-74; **see also Englert**, 932 A.2d at 124-125 (not reaching a prejudice analysis where no actual notice occurred).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2017