J-A10022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AISHA MONROE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CBH20, LP, D/B/A CAMELBACK SKI | : | No. 1862 EDA 2019 |
| RESORT D/B/A CAMELBACK SKI | : | |
| CORPORATION | : | |

Appeal from the Order Dated May 16, 2019
In the Court of Common Pleas of Monroe County Civil Division at No(s):
8184-CV-2016

BEFORE:   BOWES, J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SHOGAN, J.:                     Filed: October 22, 2020

Appellant, Aisha Monroe ("Monroe"), appeals from the May 16, 2019 order dismissing with prejudice all of her claims against CBH20, LP, d/b/a Camelback Ski Resort d/b/a Camelback Ski Corporation ("Camelback") in the underlying personal-injury action.  After review, we affirm.

In Monroe's First Amended Complaint, she alleged that on September 26, 2015, she engaged in zip-lining at Camelback.  First Amended Complaint, 1/25/17, at ¶¶ 3-5.  She stated that on her first round of using the zip-line, there were no issues.  *Id.* at ¶ 7.  However, on her second round, Monroe claimed that the Camelback employee who was assisting riders at the top of

---

[*] Retired Senior Judge assigned to the Superior Court.

the hill was different from the person who assisted her on her first round. *Id.* at ¶ 8. Monroe stated that she asked this person to decrease the speed of the zip-line. *Id.* at ¶¶ 8-10. Monroe averred that her request was ignored, and when she descended the zip-line the second time, the Camelback employee assisting riders at the bottom of the hill failed to help her stop safely on the platform. *Id.* at ¶¶ 10-11. Monroe complained that she injured her legs severely upon conclusion of her descent. *Id.* at ¶ 12. Monroe asserted that Camelback's employees failed to assist her, and the on-site medical support believed she had broken her ankle. *Id.* at ¶¶ 13-15. Monroe stated that she was taken by ambulance to Pocono Medical Center and diagnosed with a broken fibula and tibia. *Id.* at ¶¶ 16-17. Monroe asserted that her injuries were caused by Camelback's negligence, and as a result of these injuries, she incurred substantial medical expenses, emotional distress, and preclusion from her daily activities. *Id.* at ¶¶ 17-18.

The trial court set forth the procedural history in this case as follows:

> [Monroe] filed a Complaint on June 26, 2016 in Philadelphia County. The case was transferred to Monroe County on November 7, 2016. Upon [Camelback's] preliminary objections, [Monroe] amended her Complaint on January 25, 2017, alleging a single count of negligence against [Camelback]. (Compl. ¶ 19-22.) In [Monroe's] single count Complaint for negligence, she at one point describes [Camelback's] actions as "*recklessness*, carelessness and negligence." (Compl. ¶ 21) (emphasis added). Notably, the immediately following list of alleged wrongs included terms typically reserved for negligence claims, such as "properly" and "reasonable prudence," and omitted terms typically reserved for a recklessness claim, such as "conscious disregard." *Id.*

On March 29, 2017, [Camelback] filed an Answer, New Matter, and Counterclaim with an "Activity Release and Agreement Not to Sue" [form] allegedly signed by [Monroe], attached as Exhibit A. On April 12, 2017, [Monroe] filed her Reply to New Matter and Answer in which she admitted that she indeed executed the "Activity Release and Agreement Not to Sue." A Case Management Order was issued June 16, 2017, with a final discovery deadline of November 7, 2017. Neither party requested an extension of our discovery deadlines.

On January 8, 2018 [Camelback] filed [its] first Motion for Summary Judgment. [Camelback] argued that [Monroe's] single count for negligence was waived by her "Activity Release and Agreement Not to Sue" form, executed on September 26, 2015. In an abundance of caution, this [c]ourt denied [Camelback's] Motion for Summary Judgment by Order on June 13, 2018, on the grounds that recklessness was alleged in [Monroe's] Complaint.

On April 6, 2018, [Monroe] filed an uncontested motion for compulsory, nonbinding arbitration. Following one continuance, the parties commenced with arbitration on October 17, 2018. The panel of three arbitrators announced their decision on October 17, 2018[,] finding for [Camelback] on [Monroe's] Complaint and against [Camelback] on its Counterclaim. [Monroe] appealed from the arbitrator[s'] decision on November 13, 2018, which once again brought the instant action before this [c]ourt. In our Order dated November 15, 2018, we directed the Prothonotary to place the matter on the April 2019 Civil Trial List.

[Camelback] filed a Motion in Limine on January 14, 2019, arguing [Monroe] should be precluded from referencing any claim regarding negligence during trial. In an off-the-record pretrial conference before this [c]ourt on March 20, 2019, [Monroe's] counsel represented that [Camelback's] Motion in Limine would proceed unopposed. [Monroe's] agreement to [Camelback's] motion was noted in our March 20, 2019 Order, granting [Camelback's] Motion in Limine, striking the matter from the April 2019 trial term, and providing [Camelback's] counsel thirty days in which to file a Motion for Summary Judgment on the issue of recklessness.

[Camelback's] Motion for Summary Judgment was received by this [c]ourt on April 16, 2019. [Camelback] argued for judgment on the pleadings due to [Monroe's] failure to properly

plead or preserve a recklessness claim. In the alternative, [Camelback] argued for summary judgment due to insufficiency of evidence showing Camelback was reckless in the maintenance or operation of the zip line. [Monroe] filed a Response and Brief in Opposition on May 16, 2019. [Monroe] attached as Exhibit A to [her] Brief in Opposition an expert report authored by Steve Wolf on May 13, 2019. We note that [Monroe's] pretrial statement, filed March 14, 2019 does not indicate there will be expert testimony by Steve Wolf, nor does it indicate [Monroe] would seek to have Steve Wolf's expert report admitted as an exhibit at trial. We also note that according to the parties' Case Management Order dated June 16, 2017, discovery ended and [Monroe's] expert reports were due on November 7, 2017. As stated above, neither party ever requested an extension of our discovery or expert report deadlines in this case. On May 16, 2019, we granted [Camelback's] Motion for Judgment on the Pleadings/Motion for Summary Judgment.

Trial Court Opinion, 8/16/19, at 1-4.

On June 17, 2019, Monroe filed a timely appeal.[1]  Both the trial court and Monroe complied with Pa.R.A.P. 1925.

On appeal, Monroe avers that the trial court erred in granting Camelback's motions for judgment on the pleadings and summary judgment. Monroe's Brief at 15-16.  Monroe asserts the trial court erred in concluding that she failed to file an expert's report and did not plead recklessness adequately.  *Id.*

---

[1] The order was entered on May 16, 2019.  Monroe filed her notice of appeal on Monday, June 17, 2019.  Because the thirtieth day fell on Saturday, June 15, 2019, the appeal is timely.  *See* Pa.R.A.P. 903(a) (notice of appeal shall be filed within thirty days of entry of order appealed); *see also* 1 Pa.C.S. § 1908 (when last day of appeal period falls on Saturday, Sunday, or a legal holiday, that day is omitted from computation of appeal period).

The May 16, 2019 order dismissed Monroe's cause of action against Camelback, and it granted both Camelback's motion for judgment on the pleadings and motion for summary judgment. Order, 5/16/19. We are cognizant that a motion for judgment on the pleadings and a motion for summary judgment involve similar considerations; "however, the motions differ in relation to the trial court's scope of inquiry." **Aubrey v. Precision Airmotive LLC**, 7 A.3d 256, 266 (Pa. Super. 2010). "While a motion for judgment on the pleadings is limited to the averments contained in the pleadings, a motion for summary judgment may rely on outside material contained in the record." **Id.** As will be discussed *infra*, the trial court first granted Camelback's motion for judgment on the pleadings; however, due to the procedural posture of the case, the trial court granted Camelback's motion for summary judgment as an alternate basis for dismissing Monroe's action. Order, 5/16/19; Trial Court Opinion, 8/16/19, at 10.

"Pennsylvania Rule of Civil Procedure 1034 authorizes entry of judgment on the pleadings after the pleadings are closed, but within such time as not to delay trial." **Mellon Bank, N.A. v. National Union Ins. Co. of Pittsburgh, PA**, 768 A.2d 865, 868 (Pa. Super. 2001); Pa.R.C.P. 1034(a). We review an order granting a motion for judgment on the pleadings as follows:

> [A]ppellate review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial. In conducting this review, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where

the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.

> In passing on a challenge to the sustaining of a motion for judgment on the pleadings, our standard of review is limited. We must accept as true all well pleaded statements of fact of the party against whom the motion is granted and consider against him only those facts that he specifically admits. We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*John T. Gallaher Timber Transfer v. Hamilton*, 932 A.2d 963, 967 (Pa. Super. 2007) (quoting *Maryland Cas. Co. v. Odyssey Contracting Corp.*, 894 A.2d 750 (Pa. Super. 2006)).

Prior to addressing the trial court's rationale for granting Camelback's motion for judgment on the pleadings, we briefly address Monroe's argument concerning the trial court's refusal to consider an expert's report. Monroe's Brief at 15. We note that the trial court addressed Monroe's improper attempt to supplement the record with the expert report in its analysis of Camelback's motion for summary judgment. Trial Court Opinion, 8/16/19, at 11.[2] However, we consider it prudent to address the circumstances surrounding the attempted filing of the expert report in our discussion concerning the order granting judgment on the pleadings. If the expert report had been filed as an

---

[2] As noted, when considering a motion for summary judgment, materials outside the pleadings may be considered. *Aubrey*, 7 A.3d at 266.

attachment to a properly filed pleading, the trial court could have considered it in rendering its decision on Camelback's motion for judgment on the pleadings. *See John T. Gallaher Timber Transfer*, 932 A.2d at 967 (stating that when reviewing a motion for judgment on pleadings, we look only to the pleadings **and any documents properly attached thereto**). Because the expert report was not attached to a properly filed pleading, but rather to a brief filed with the trial court, which is neither a pleading,[3] nor part of the record,[4] the trial court was not permitted to consider the expert report.[5] Accordingly, we proceed with our discussion of the trial court's order granting judgment on the pleadings.

The trial court provided its rationale for granting Camelback's motion for judgment on the pleadings as follows:

> [Monroe's] First Amended Complaint, filed on January 25, 2017, listed a single count for Negligence/Negligent entrustment. [Camelback] responded by raising an affirmative defense in their Answer and New Matter, filed on March 29, 2017, based on the express exculpatory release provision contained in the Camelback "Activity Release and Agreement not to Sue" ("Camelback Release"). [Monroe] specifically admitted to signing the Camelback Release in her reply to [Camelback's] Answer and New Matter, filed on April 12, 2017. Similar exculpatory releases have

---

[3] Pa.R.C.P. 1017.

[4] *See Scopel v. Donegal Mut. Ins. Co.*, 698 A.2d 602, 606 (Pa. Super. 1997) (discussing the supplementation of the record for purposes of summary judgment).

[5] In its opinion, the trial court addresses its preclusion from considering the expert report when ruling on the motion for summary judgment. Trial Court Opinion, 8/16/19, at 11.

been upheld by Pennsylvania Courts to the extent of releasing a party from negligent conduct, but not from reckless conduct. *See Chepkevich v. Hidden Valley Resort*, 2 A.3d 1174 (Pa. 2010). Based on the available case law, language in the release itself, and [Monroe's] admi[ssion] to knowingly signing the Camelback Release, [Camelback] requested this [c]ourt prevent [Monroe] from moving forward on their claim of negligence or negligent entrustment through a Motion in Limine. We granted [Camelback's] motion by Order on March 20, 2019, after [Monroe's] counsel indicated [Monroe] was not in opposition. Therefore, when deciding [Camelback's] Motion for Judgment on the Pleadings, we reviewed all the pleadings solely examining [Monroe's] claims as to recklessness. For the following reasons, we found the pleadings regarding recklessness to be insufficient.

As detailed above, [Monroe's] Complaint contained a single count for Negligence and Negligent Entrustment. Only one paragraph within that count specifically mentions "recklessness[.]" … While [Monroe] uses the term "recklessness," none of [her] allegations approach the type of culpable conduct necessary to plead or prove a claim for reckless conduct. In fact, [Monroe's] list of alleged wrongs only includes terms reserved for negligence claims, such as "properly" and "reasonable prudence," and omits terms reserved for a recklessness claim, such as "conscious disregard" or "reckless disregard" or "extreme departure from ordinary care." (*Id.*) Moreover, [Monroe] does not allege facts to support a recklessness claim anywhere else in her Complaint, and repeatedly identifies [Camelback's] negligence as the sole cause of her injuries. (*Id.* at ¶ 18, 22.)

Looking in the light most favorable to [Monroe] and taking all [Monroe's] allegations as true, we found that the pleadings are both factually and legally insufficient to support her recklessness claim. Based on legal insufficiency of the Complaint, as evidenced by [Monroe's] failure to allege the culpable conduct necessary to plead a recklessness claim, the lack of factual support in [Monroe's] Complaint for a recklessness claim, and [Monroe's] specific admi[ssion] that negligence was the sole cause of her injuries, we determined that judgment for [Camelback] on the pleadings was appropriate. …

We recognize in considering [Camelback's] Motion for Judgment on the Pleadings that the procedural posture of this matter is unusual given our earlier hesitancy in the case to grant

summary judgment upon [Camelback's] request on June 13, 2018. At the time, we acted in an abundance of caution denying such motion because the parties only addressed the negligence claim, and did not mention the allegation of recklessness. Looking in the light most favorable to [Monroe], we found the single allegation of recklessness within the negligence count muddied the waters so that summary judgment could not be clearly granted. We are now able to view [Camelback's] Motion for Judgment on the Pleadings more clearly, having dealt with the negligence claims through [Camelback's] Motion in Limine. However, we do so knowing [Camelback's] Motion came well after the parties had already undergone arbitration, [Monroe] appealed, and the matter had been rescheduled for a new trial date. As such, we acknowledge that a motion for judgment on the pleadings may at this point be considered untimely. In the alternative, we found that [Camelback's] accompanying supplementary Motion for Summary Judgment appropriately considers the entirety of the record and supports our finding that a claim for recklessness cannot be sustained based on [Monroe's] failure to produce evidence to sustain her burden at trial.

Trial Court Opinion, 8/16/19, at 7-10.

The trial court duly considered Pa.R.C.P. 1034 and explained its reasoning for the timing of its order. After review, we conclude that any delay in the disposition of Camelback's motion for judgment on the pleadings caused no prejudice to Monroe. *See Leidy v. Deseret Enterprises, Inc.*, 381 A.2d 164, 166 n.1 (Pa. Super. 1977) (finding no unreasonable delay under Rule 1034 as there was no injury to the complaining party where only one trial term passed as a result of the court's consideration of the motion). Herein, although the matter was removed from the April 2019 civil trial term, "A lower court will not be reversed either for waiving or refusing to waive non-compliance with the procedural rules in the absence of a showing of an abuse of discretion which has caused manifest and palpable injury to the complaining

party[.]" **Id.** (citation omitted).[6] We discern no abuse of discretion in the trial court considering and ruling upon Camelback's motion for judgment on the pleadings. Moreover, we agree with the trial court's reasoning for granting the motion for judgment on the pleadings. Monroe admitted signing a release, did not oppose Camelback's motion *in limine* to preclude the issue of negligence from going to the jury if there was a trial, and failed to support any prayer for relief outside the claim of negligence. Monroe's only possible remaining issue, based on the pleadings, was recklessness. However, Monroe merely mentioned the word "reckless" in her pleading; she provided no basis for the claim. Accordingly, we agree with the trial court's rationale and conclude that there was no issue of fact—a jury trial based on the transient use of the word reckless, without factual support, would be a fruitless exercise. **See Toney v. Chester County Hosp.**, 961 A.2d 192, 203 (Pa. Super. 2008) (concluding that where the complaint does not provide factual allegations to support the legal conclusion of recklessness or intentional acts, the trial court committed no error when it dismissed the cause of action for intentional

---

[6] **Compare Cagnoli v. Bonnell**, 611 A.2d 1194, 1196 (Pa. 1992) (reversing a trial court's order granting a motion for judgment on the pleadings where the moving party submitted the motion on the morning of trial because, *inter alia*, the late filing precluded the non-moving party from opposing the motion). In the case at bar, however, Appellant had ample opportunity, and in fact, did oppose Camelback's motion. Appellant's Response to Motion for Judgment on the Pleadings, 5/16/19.

conduct[7]); *see also Valentino v. Philadelphia Triathlon, LLC*, 150 A.3d 483, 489 (Pa. Super. 2016) (*en banc*) (stating that claims of ordinary negligence arising from inadvertence, mistake, or error in judgment do not support a claim involving outrageous behavior or a conscious disregard of risk or recklessness). Thus, we affirm the order granting Camelback's motion for judgment on the pleadings, and we need not reach Camelback's motion for summary judgment.[8]

For the reasons set forth above, we conclude that Monroe is entitled to no relief. Accordingly, we affirm the May 16, 2019 order granting Camelback's motion for judgment on the pleadings.

Order affirmed.

Judge Pellegrini joins this Memorandum.

Judge Bowes files a Dissenting Memorandum.

---

[7] "Section 46 of the Restatement (Second) of Torts does not recognize liability for mere negligent infliction of emotional distress. However, reckless conduct causing emotional distress renders an actor as liable as if he had acted intentionally." *Toney v. Chester County Hosp.*, 961 A.2d 192, 203 n.9 (Pa. Super. 2008) (*en banc*) (quoting *Pierce v. Penman*, 515 A.2d 948, 951 (Pa. Super. 1986) (internal brackets omitted)).

[8] If we had concluded that judgment on the pleadings was improper, we nevertheless would find that Monroe was entitled to no relief. Indeed, we would affirm the trial court's order granting Camelback's motion for summary judgment, and we would do so on the basis of the rationale provided in the trial court's August 16, 2019 opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/22/20</u>