J-S41002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CITIMORTGAGE, INC. C/O CENLAR FSB | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KAMALA THOMPSON | : | |
| | : | No. 1518 EDA 2024 |
| Appellant | : | |

Appeal from the Order Entered May 3, 2024
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2023-004503

BEFORE: MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.: **FILED NOVEMBER 19, 2024**

Kamala Thompson (Appellant), *pro se*,[1] appeals from the trial court's order granting judgment on the pleadings (JOP) in favor of CitiMortgage, Inc. c/o Cenlar FSB (CitiMortgage), in this mortgage foreclosure action. After careful consideration, we affirm.

_____

[1] Appellant represented herself throughout the underlying proceedings and on appeal. "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Smithson v. Columbia Gas of PA/NiSource & Maple Grove Enters.**, 264 A.3d 755, 760 (Pa. Super. 2021) (citation omitted).

> [A] *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. [A]ny layperson choosing to represent himself [or herself] in a legal proceeding must, to some reasonable extent, assume the risk that his [or her] lack of expertise and legal training will prove his [or her] undoing.

**Id.** (citations and internal quotation marks omitted).

The trial court summarized the relevant history underlying this appeal:

> This matter concerns a mortgage foreclosure against a real property situated at 515 Cypress Street, Lansdowne[,] [Pennsylvania,] 19050 ("Property"). *See* [] Complaint at ¶ 3. On May 29, 2013, [Appellant] obtained a mortgage loan ("Loan"). *Id.* The mortgage was duly recorded in the Office of the Recorder of Deeds … for Delaware County and was assigned to [CitiMortgage]. *Id.* at ¶¶ 3-4. Due to nonpayment, the pre-foreclosure notices of intention to foreclose pursuant to the Homeowner's Emergency Mortgage Assistance Act of 1983, 35 P.S. § 1680.402c *et seq.* ("Act 91"), were sent. *Id.* at ¶ 10. Due to non-curing of the default by expiration of the notice of intention to foreclose, [CitiMortgage] commenced an action in foreclosure pursuant to Pa.[R.C.P.] 1141 *et seq.* by filing a complaint on May 26, 2023.
>
> [Appellant] filed an answer on October 19, 2023. [CitiMortgage] filed preliminary objections to the answer[,] which were sustained by [the trial court's order] dated January 17, 2024. In that order, the [trial c]ourt struck the following parts of [Appellant's] answer:
>
> > 1. The page entitled "BOND" accompanying and preceding [Appellant's] answer is stricken with prejudice;
> >
> > 2. The thirteen document requests contained in [Appellant's] answer are stricken; and
> >
> > 3. [Appellant's] counterclaim is stricken.
>
> Notably, [Appellant] did not seek reconsideration or appeal of any part of that order.

Trial Court Opinion, 7/15/24, at 1-2 (unpaginated) (capitalization modified).

On February 26, 2024, CitiMortgage filed a motion for JOP. Appellant filed no response to CitiMortgage's motion. However, on March 17, 2024, Appellant filed a *pro se* document titled "Demand for Proof of Power of Attorney." The demand did not respond to any of the averments in CitiMortgage's JOP motion.

On May 3, 2024, the trial court granted JOP in favor of CitiMortgage

> and against [Appellant] for the sum of $93,826.42 as of April 27, 2023[,] plus interest at the Pennsylvania statutory default rate of 6% until judgment is paid in full plus any additional recoverable costs and charges collectible under the subject Mortgage[,] which shall also be added to this judgment.

Trial Court Order, 5/3/24, at 1. Thereafter, Appellant filed the instant timely appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review: "Did the [trial court] err when it granted judgment as a matter of law in favor of [CitiMortgage]?" Appellant's Brief at 4.

Appellant argues that the trial court violated her constitutional right to due process when it "granted judgment as a matter of law in favor of [CitiMortgage] and not ordering [CitiMortgage] to produce the Verification of Validation of Debt request letter as requested by [Appellant]." *Id.* at 7. Appellant argues the trial court denied her due process, as it did not afford her the opportunity to present evidence and argue her case. *Id.*

Appellant claims that the judgment was premised on the trial court's assertion there were no material factual issues in dispute. *Id.* Appellant disagrees, arguing that there is a dispute regarding amount owed and the validity of the debt. *Id.* at 7-8. Appellant further argues the trial court improperly relied on Pennsylvania Rules of Civil Procedure 1029(b) and 1147(a)(4)-(5), discussed below, in striking her answers without reviewing the evidence. *Id.* at 8. Appellant claims the trial court further struck her

answers without cause, and failed to consider her well-pled statements in a light most favorable to her. *Id.*

Appellant argues that CitiMortgage failed to provide adequate evidence to establish its mortgage, the unpaid note, and evidence of her default. *Id.* Appellant further challenges CitiMortgage's standing to pursue the case. *Id.* She claims CitiMortgage failed to establish it "had the legal right to enforce the mortgage note at the time the action commenced." *Id.*

CitiMortgage counters that "[a]t no time did the trial court curtail [Appellant's] time-frames or ability to file any pleadings or other responses." Appellee's Brief at 10. CitiMortgage argues that, in considering a motion for JOP, the trial court cannot consider extrinsic, non-record evidence. *Id.* Because Appellant was afforded an opportunity to respond to CitiMortgage's complaint and JOP motion, CitiMortage asserts her due process challenge lacks merit. *Id.* CitiMortgage further points out Appellant's lack of legal analysis or discussion in her brief. *Id.* at 11.

CitiMortgage maintains there are no material factual disputes. *Id.* at 13. CitiMortgage points to the averments of its complaint regarding the mortgage, Appellant's default, the unpaid debt, and CitiMortgage's standing as a "real party in interest[.]" *Id.* at 12. CitiMortgage further points out Appellant's failure to deny any of the averments of its complaint, or plead facts refuting the mortgage default. *Id.* at 12-13. CitiMortgage states it properly

complied with Pa.R.C.P. 1147(a), which sets forth the necessary components of a mortgage foreclosure complaint. *Id.* at 14-15.

When reviewing a trial court's order resolving a motion for JOP, we apply the following standard of review:

> [A]ppellate review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial. **In conducting this review, we look only to the pleadings and any documents properly attached thereto.** Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.

*John T. Gallaher Timber Transfer v. Hamilton*, 932 A.2d 963, 967 (Pa. Super. 2007) (emphasis added; citation omitted).

Regarding Appellant's due process challenge, we observe the following. "A question regarding whether a due process violation occurred is a question of law for which the standard of review is *de novo* and the scope of review is plenary." *DeRosa v. Gordon*, 286 A.3d 321, 329 (Pa. Super. 2022) (quotation marks and citation omitted). "Procedural due process requires, at its core, adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." *Id.* (quotation marks and citation omitted).

Relevant to this appeal, Pennsylvania Rule of Civil Procedure 1147 sets forth the requirements for a mortgage foreclosure complaint:

**(a)** The plaintiff shall set forth in the complaint:

- 5 -

> **(1)** the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;
>
> **(2)** a description of the land subject to the mortgage;
>
> **(3)** the names, addresses and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party;
>
> **(4)** a specific averment of default;
>
> **(5)** an itemized statement of the amount due; and
>
> **(6)** a demand for judgment for the amount due.

Pa.R.C.P. 1147(a).

Our review confirms that CitiMortgage's complaint complied with Pa.R.C.P. 1147(a). The complaint identified the parties to and date of the mortgage, and its assignment to CitiMortgage. *See* Complaint, 5/26/23, ¶¶ 2-4. The complaint described the Property, the name and address of Appellant, and averred that Appellant defaulted on her mortgage on April 1, 2022. *Id.* ¶¶ 3, 5-7, and Exhibit A. The complaint itemized the amounts due and demands judgment on the amount due. *Id.* ¶¶ 8, prayer for relief. Thus, Appellant's claim that CitiMortgage failed to comply with Rule 1147(a) lacks merit.

Our review further discloses that Appellant was afforded notice of the complaint. On October 19, 2023, Appellant responded to the complaint by filing a "Notice of Answer and Counterclaim" (Answer) on October 19, 2023. Appellant's Answer failed to respond to any averment in CitiMortgage's

complaint. Instead, Appellant demanded discovery. *See* Answer, 10/19/23, ¶¶ 1-13 (demanding call reports, insurance policies, a deed of trust, deposit slips, *etc.*). Appellant's counterclaim baldly claimed fraud by CitiMortgage. *See* Pa.R.C.P. 1019(b) (requiring that allegations of fraud be pled with specificity).

Pennsylvania Rule of Civil Procedure 1029 provides, in part, that "[a]verments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication." Pa.R.C.P. 1029(a); *see also Bayview Loan Servicing, LLC v. Wicker*, 163 A.3d 1039, 1044 (Pa. Super. 2017) (holding that a general denial of an averment of a mortgage default constitutes an admission). Because Appellant's Answer failed to admit or deny any averment in CitiMortgage's complaint, the trial court properly deemed the allegations admitted:

> [Appellant] does not deny the averments in the Complaint and fails to plead any facts that would indicate that the [] default date is anything other than April 1, 2022[,] or that the amount due to [CitiMortgage] is anything other than what was pled. *See* [Appellant's] Answer generally.
>
> Therefore, in review of the properly alleged complaint and the nonconforming Answer that effectively admitted the allegations of the Complaint, coupled with the lack of meritorious response to the Motion for Judgment on the Pleadings, [the trial court] found that there were no material facts in dispute to necessitate a trial.

Trial Court Opinion, 7/15/24, at 4-5 (unpaginated). We agree with the trial court's reasoning and conclusion.

In summary, Appellant was afforded due process and, in fact, filed a response to the complaint. Our review confirms that CitiMortgage's complaint complied with Pa.R.C.P. 1147(a). Because Appellant failed to deny any averment of the complaint, the trial court properly deemed the allegations admitted in accordance with Pa.R.C.P. 1029(a). Finally, we discern no error by the trial court in entering JOP in favor of CitiMortgage and against Appellant. Consequently, Appellant's challenge to the entry of JOP merits no relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/19/2024