J-A03036-26

2026 PA Super 94

| | | |
|---|---|---|
| JOUNG SUK KIM | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NEW JERSEY TRANSIT CORPORATION, JOHN DOE UNIDENTIFIED CONDUCTOR OF | : | No. 1484 EDA 2025 |
| Defendant | : | |
| TRAIN AS DESCRIBED HEREIN, AND JANE DOE RESPONSIBLE FOR MAINTENANCE OF | : | |
| Defendant | : | |
| TRAIN AS DESCRIBED HEREIN | : | |
| APPEAL OF: NEW JERSEY TRANSIT CORPORATION | : | |

Appeal from the Order Entered May 21, 2025
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 240600380

BEFORE: BOWES, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.*

OPINION BY FORD ELLIOTT, P.J.E.: **FILED MAY 06, 2026**

New Jersey Transit Corporation (NJTC) appeals from the order denying its motion for judgment on the pleadings that was exclusively premised on its assertion of sovereign immunity pursuant to the Eleventh Amendment to the

---

* Retired Senior Judge assigned to the Superior Court.

Constitution of the United States.[1] Upon review, we conclude that the recent decision of the Supreme Court of the United States in **Galette v. New Jersey Transit Corporation**, 146 S.Ct. 854 (2026), which was decided during the pendency of this appeal, retroactively applies to the present action. Consistent with the dictates of **Galette**, NJTC is not an arm of the State of New Jersey and therefore is not entitled to sovereign immunity under the Eleventh Amendment to the Constitution of the United States. Accordingly, we affirm.

The court summarized the procedural history of this matter, inclusive of the then-existing appellate **Galette** decisions, as follows:

> Joung Suk Kim filed her [c]omplaint . . . on June 4, 2024. Kim's [c]omplaint alleges that she was injured while she was a passenger on a train owned and operated by NJTC on June 13, 2022. Kim alleges that while she was exiting the train at Philadelphia's 30th Street Station, a train door closed on her, causing her to fall and sustain injuries. On July 8, 2024, NJTC filed [p]reliminary [o]bjections to Kim's [c]omplaint, arguing that [the trial c]ourt lacked subject matter jurisdiction over NJTC by virtue of NJTC's sovereign immunity [under the Eleventh Amendment to the Constitution of the United States]. [The trial c]ourt relied on [this Court's] March 21, 2023[] decision in **Galette v. NJ Transit**, which provided that NJTC[2] is not an arm of the State of New Jersey[] and thus not entitled to the protections of sovereign immunity. 293 A.3d 649, 658 (Pa. Super. 2023). On October 3, 2024, [the trial c]ourt overruled NJTC's [p]reliminary [o]bjections.

_____

[1] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST., Amend XI.

[2] Although stylized as "NJ Transit" in the caption, the party in **Galette** is the same party as the present action, i.e. New Jersey Transit Corporation.

On April 8, 2025, NJTC filed a [m]otion for [j]udgment on the [p]leadings. NJTC's [m]otion argued that [the trial c]ourt lacks subject matter jurisdiction over the NJTC by virtue of its sovereign immunity from suit in Pennsylvania under the Eleventh Amendment to the Constitution of the United States. Kim's response to NJTC's [m]otion for [j]udg[]ment on the [p]leadings argued that representatives from the State of New Jersey explicitly stated that "[NJTC] is a public entity, which can sue and be sued," and that "it is separate and distinct from the State of New Jersey." Kim further argued that the Pennsylvania Supreme Court's recent opinion in the case of *Galette v. NJ Transit* was silent as to whether its holding should be applied retroactively or prospectively[] and that [the trial c]ourt should not apply the [Pennsylvania] Supreme Court's recent holding retroactively. *See Galette v. NJ Transit*, 332 A.3d 776 (Pa. 2025).[3] On May 20, 2025, [the trial c]ourt denied NJTC's [m]otion for [j]udgment on the [p]leadings. NJTC filed a timely notice of appeal.

On July 3, 2025, the Supreme Court of the United States granted *certiorari* [in *Galette*] to determine whether NJTC is an arm of the State of New Jersey for interstate sovereign immunity purposes.

Trial Court Opinion, 8/11/25, at 1-2 (party names altered; record citations omitted).

On appeal, NJTC presents three issues for review, the first being a jurisdictional argument that its appeal from the order denying its motion for judgment on the pleadings, although interlocutory, was nevertheless appealable as of right as a collateral order pursuant to Pennsylvania Rule of

---

[3] In our Supreme Court's *Galette* decision, it reversed this Court's determination that NJTC: (1) was not an instrumentality or arm of the State of New Jersey; and (2) did not have the protections provided by sovereign immunity under the Eleventh Amendment to the Constitution of the United States. *See Galette*, 332 A.3d at 777. Instead, it found that, pursuant to *Franchise Tax Board of California v. Hyatt*, 587 U.S. 230 (2019), interstate sovereign immunity barred plaintiff Galette's suit. *See Galette*, 332 A.3d at 777.

Appellate Procedure 313. *See* Appellant's Brief at 5.

Rule 313 defines a collateral order as one that is "separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). We find the facts underpinning the applicability of Rule 313, here, to be nearly identical to set of circumstances that led to a collateral order determination reached by our sister court, the Commonwealth Court, in *Marshall v. Southeastern Pennsylvania Transportation Authority*, 300 A.3d 537 (Pa. Commw. 2023). Although we emphasize that we are not bound by its decision in that case, it provides this Court with "persuasive authority[,] and we may turn to our colleagues on the Commonwealth court for guidance when appropriate." *Lynn v. Aria Health System*, 227 A.3d 22, 32 (Pa. Super. 2020) (citation omitted and some formatting altered).

In *Marshall*, wherein NJTC was also a party, the Commonwealth Court determined, *inter alia*, that the trial court's denial of NJTC's motion for judgment on the pleadings was an appealable collateral order. First, our sister court analyzed our Supreme Court's decision in *Brooks v. Ewing Cole, Inc.*, 259 A.3d 359 (Pa. 2021):

> [I]n *Brooks*, the plaintiff was injured while exiting the Family Court of Philadelphia. She sued the Family Court, which moved for summary judgment on the basis of sovereign immunity. The trial court denied summary judgment, the Family Court appealed, [the Commonwealth] Court quashed as premature, and the Family Court appealed to our Supreme Court. The *Brooks* Court reversed

because the order was an appealable collateral order.

> In support, the **Brooks** Court reasoned that the issue of whether the Family Court could invoke sovereign immunity was a purely legal question separable from the underlying merits of the plaintiff's negligence claim.[4] Further, because the right to a sovereign immunity defense "is deeply rooted in public policy, as it is both secured by the [Pennsylvania] Constitution" and statute, the **Brooks** Court held that the issue was too important to defer resolution until after final judgment. Finally, our Supreme Court held that the Family Court's ability to invoke sovereign immunity as a defense would be lost if appellate review occurred after final judgment. The **Brooks** Court added that the U[nited States] Supreme Court also held that such orders were immediately appealable as "collateral orders because the entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."

**Marshall**, 300 A.3d at 542 (internal citations omitted). Second, in applying

**Brooks** to NJTC's assertion of sovereign immunity, the Commonwealth Court

determined that

> the trial court's orders overruling [NJTC's] preliminary objections and denying the motion for judgment on the pleadings [were] appealable collateral orders. Like the Family Court in **Brooks**, the issue of whether [NJTC] can invoke sovereign immunity is a purely legal question separable from the underlying merits of [the p]laintiffs' negligence claims. To paraphrase the **Brooks** Court, undoubtedly whether [NJTC] has the right to invoke a defense of sovereign immunity in the courts of this Commonwealth implicates Pennsylvania's public policy at the very least. As in **Brooks**, delaying review of the instant orders until after final judgment would impair [NJTC's] right to invoke sovereign immunity.

**Id.** (internal citations omitted). We see no basis to depart from the

---

[4] "The appealability of an order under the Pa.R.A.P. 313 collateral order doctrine presents a question of law, over which our standard of review is *de novo*, and our scope of review is plenary." **Brooks**, 259 A.3d at 365.

Commonwealth Court's rationale in *Marshall*. Thus, here, NJTC's appeal was from a collateral order and, as such, immediately appealable.

As we have found NJTC's invocation of sovereign immunity in its motion for judgment on the pleadings, and the court's determination thereon, to constitute an immediately appealable collateral order, we proceed to the crux of this appeal. NJTC's remaining two issues address the applicability and retroactivity of our Supreme Court's decision in *Galette*, as applied to the trial court's resolution of its motion for judgment on the pleadings. *See* Appellant's Brief at 5.

Our standard of review of the denial of judgment on the pleadings is well-settled:

> [A]ppellate review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial. In conducting this review, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.

*John T. Gallaher Timber Transfer v. Hamilton*, 932 A.2d 963, 967 (Pa. Super. 2007) (citation omitted).

In its motion, NJTC singularly argued that it was immune from suit under the Eleventh Amendment to the Constitution of the United States. *See* Motion for Judgment on the Pleadings at 3. Although reliant on the Pennsylvania Supreme Court's decision in *Galette*, NJTC asserted that it is "an arm" of the State of New Jersey, barring claims against it "by the principles of interstate

sovereign immunity" raised under the Eleventh Amendment to the United States Constitution. *Id.* at ¶¶ 9-12, 14.

Notwithstanding the Pennsylvania Supreme Court's *Galette* decision, during the pendency of this appeal, on March 4, 2026, the Supreme Court of the United States unanimously reversed and remanded the determination of the Pennsylvania Supreme Court on the discrete point of NJTC's sovereign immunity status under the Eleventh Amendment. Therein, Justice Sotomayor unequivocally wrote that "[NJTC] is not an arm of New Jersey and thus is not entitled to share in New Jersey's interstate sovereign immunity." *Galette*, 146 S.Ct. at 875.

Determinations of the Supreme Court of the United States on points of federal law have retroactive application as, "[w]hen [the Supreme Court of the United States] applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule." *Harper v. Virginia Department of Taxation*, 509 U.S. 86, 97 (1993). Accordingly, NJTC's Eleventh Amendment assertion of sovereign immunity has been conclusively determined at this juncture: NJTC is not immune from suit under the Eleventh Amendment to the Constitution of the United States. Therefore, through the unambiguous holding of the Supreme Court of the United States in *Galette*, the trial court did not commit an error of law in denying NJTC's motion for judgment on the pleadings.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/6/2026